1999 ME 3

**David & Ruth EARWOOD et al.[1]**

v.

**TOWN OF YORK.**

Supreme Judicial Court of Maine.

Argued Nov. 3, 1998.

Decided Jan. 6, 1999.

John C. Bannon (orally), Murray, Plumb & Murray, Portland, for plaintiffs.

1. **The plaintiffs in the case were:** David Earwood, Ruth Earwood, Lawrence E. Willey, II, Kristin Gudjonsson, Edward Dubravsky, Jr., Dor-

othy Dubravsky, Brian Sebastyanski, and Jennifer Sebastyanski.

Durward W. Parkinson (orally), Bergen & Parkinson, LLC, Kennebunk, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] David and Ruth Earwood appeal from the judgment entered in the Superior Court (York County, *Mills, J.*). Following a bench trial the court concluded that the Town of York's discontinuance of Bell Marsh Road, pursuant to 23 M.R.S.A. § 3024 (1992) and 23 M.R.S.A. § 3026 (Supp.1977), *amended by* P.L.1981, ch. 683, § 1, is effective as to the Earwoods and that the Town abandoned the road, pursuant to 23 M.R.S.A. § 3028 (1992).[2] The Earwoods argue that the discontinuance is ineffective as to them because they did not have "actual notice". They also argue that the Town did not abandon the road.

[¶ 2] The Town cross-appeals the denial of its motion to dismiss by the Superior Court (York County, *Fritzsche, J.*). The Town contends that this Court does not have jurisdiction over the case because no timely appeal to the Superior Court was taken from the discontinuance in 1977. The Town also cross-appeals the decision by the Superior Court (York County, *Mills, J.*) that the discontinuance is ineffective as to plaintiff Lawrence E. Willey, II. The Town argues that since the local assessment records did not clearly identify Willey's property as located on or near the road, he did not need to be notified of the discontinuance. The Town also argues that the Earwoods cannot challenge the discontinuance because they stipulated that they knew at the time that they purchased the property that the Town did not maintain the road. We affirm in part and vacate in part.

## I. BACKGROUND

[¶ 3] The plaintiffs brought this case to compel the Town to resume maintenance of approximately 1.7 miles of Bell Marsh Road located in York. In 1965, the Town began to close the road from December through April. In 1977, the Town issued an order of discontinuance for the road. Although the Town held a public hearing about the proposed discontinuance, it did not file a certificate with the registry of deeds describing the discontinuance. The Town also did not provide actual notice to some owners whose property abutted the road, because the rural nature of the area at the time caused the status of title to be uncertain. The owners who did not receive notice of the discontinuance included Willey, and the Earwoods' predecessor in interest, George E. Milliken.

## II. JURISDICTION

[¶ 4] This Court has jurisdiction over this case. Contrary to the Town's assertion, 23 M.R.S.A. § 3029 (1992)[3] does not make M.R. Civ. P. 80B[4] the exclusive remedy for

---

2. Section 3028 provides in relevant part that:

   It is prima facie evidence that a town or county way not kept passable for the use of motor vehicles at the expense of the municipality or county for a period of 30 or more consecutive years has been discontinued by abandonment. A presumption of abandonment may be rebutted by evidence that manifests a clear intent by the municipality or county and the public to consider or use the way as if it were a public way. A proceeding to discontinue a town or county way may not prevent or estop a municipality from asserting a presumption of abandonment. A municipality or its officials are not liable for nonperformance of a legal duty with respect to such ways if there has been a good faith reliance on a presumption of abandonment. Any person affected by a presumption of abandonment, including the State or a municipality, may seek declaratory relief to finally resolve the status of such ways .... A

   presumption of abandonment is not rebutted by evidence that shows isolated acts of maintenance, unless other evidence exists that shows a clear intent by the municipality or county to consider or use the way as if it were a public way.

   23 M.R.S.A. § 3028 (1992).

3. Section 3029 states in pertinent part:

   Any person aggrieved by the action or nonaction of municipal officers or the municipal legislative body in proceedings under this chapter, other than a determination of damages, may appeal to the Superior Court in the county where the property lies, pursuant to Rule 80B of the Rules of Civil Procedure.

   23 M.R.S.A. § 3029 (1992).

4. Rule 80B(b) provides:

   The time within which review may be sought shall be as provided by statute, except that if

challenging a road discontinuance. The plaintiffs, who never received actual notice of the discontinuance, made a timely appeal. Nothing in section 3029 indicates that it preempts the operation of section 3024, which provides that:

No taking of property or interests therein by a municipality, or the discontinuance of a town way except by abandonment, after September 12, 1959, shall be valid against owners of record or abutting landowners who have not received actual notice, unless there is recorded in the registry of deeds for the county where the land lies either a deed, or a certificate attested by the municipal clerk, describing the property and stating the final action of the municipality with respect to it.

23 M.R.S.A. § 3024 (1992). It would be inconsistent with the requirement in section 3024 that a town provide actual notice to property owners to make Rule 80B the exclusive remedy for challenging a road discontinuance. Application of Rule 80B would imply a constructive notice deadline to a discontinuance.

### III.  23 M.R.S.A. § 3024

[¶ 5] The trial court did not err in concluding that the discontinuance is ineffective as to Willey. A discontinuance is effective pursuant to section 3024 if a town either (i) provides actual notice of the discontinuance to property owners whose land abut the road that the town proposes to discontinue, or (ii) records a deed describing the property and the final action to be taken with respect to it in the registry of deeds. 23 M.R.S.A. § 3024 (1992). Here, the Town did not provide Willey with actual notice or record a deed in the registry of deeds.

■ [¶ 6] However, the trial court did err in concluding that the discontinuance is effective as to the Earwoods. The Earwoods were not precluded from challenging the discontinuance, even though they stipulated they knew at the time they purchased the property that the Town did not maintain the road. The Earwoods may have believed that the Town never had maintained the road, rather than believing that the Town had discontinued it. Section 3024 contains no exception to its requirement that a town either provide actual notice or record a deed in the registry of deeds. Here, the Town did not file a deed or send the Earwoods' predecessors in interest actual notice of the discontinuance.

### IV.  23 M.R.S.A. § 3028

■ [¶ 7] Since the Town did not provide actual notice or record the requisite deed with the registry of deeds, the 1977 discontinuance of Bell Marsh Road is only valid against the plaintiffs if the Town abandoned it. In deciding the case, the court concluded that the Town, pursuant to 23 M.R.S.A. § 3028 (1992), had abandoned the road, since at least 1960, more than thirty years prior to initiation of this action. Addressing abandonment, the court found:

The defendant intended to keep the Bell Marsh Road semi-passable during only the summer until 1977. (Footnote omitted). The defendant graded the Bell Marsh Road one or two times per year until 1977, when all maintenance ceased. The defendant determined that it did not have money to spend on maintaining the Bell Marsh Road and no one requested that the defendant maintain the road. During the 1960's and thereafter, very little maintenance was done by the defendant on the road, especially compared to other dirt roads in York. Snow on the road was not plowed by the defendant, the road was not passable during the winter or during mud season. The shoulders of the road were not graded, there was no drainage from the road, and trees were not trimmed. On one occasion, gravel was hauled to repair a wash out on the road. After 1977, a public easement along the Bell Marsh Road was continued. See 23 M.R.S.A. § 3026 (1992).

no time limit is specified by statute, the complaint shall be filed within 30 days after notice of any action or refusal to act of which review is sought unless the court enlarges the time in accordance with Rule 6(b), and, in the event of a failure to act, within six months after expiration of the time in which action should reasonably have occurred.

The court concludes that the road was abandoned by the defendant by 1960. The fact that the road was kept passable for a few summer months until 1977 does not preclude the court's concluding that the road 'was not kept passable for the use of motor vehicles' for 30 consecutive years. There is no evidence on this record that shows 'a clear intent by the municipality or county to consider or use the way as if it were a public way.' 23 M.R.S.A. § 3028(1) (1992).

[¶ 8] Although we accord a trial court's findings substantial deference, we overturn them if they are clearly erroneous. *White v.. Zela,* 1997 ME 8, ¶ 3, 687 A.2d 645, 646. Here, the court erred in ruling that the Town abandoned the road. The trial court should not have considered the effect of the 1980 amendment to section 3028, which provides that isolated acts of maintenance do not rebut an established presumption of abandonment, until the Town had established a prima facie case of abandonment. 23 M.R.S.A. § 3028 (1992).

[¶ 9] The Town failed to prove that the road was "not kept passable for the use of motor vehicles at the expense of the municipality ... for a period of 30 or more consecutive years." 23 M.R.S.A. § 3028 (1992). The Town's failure to produce the prima facie evidence required to establish abandonment pursuant to section 3028 is indicated by the trial court's findings that the Town, at its own expense, "graded the Bell Marsh Road one or two times per year until 1977," and on one occasion hauled gravel to repair a washout. The Town's maintenance of Bell Marsh Road from 1960 until 1977, as found by the trial court, precluded the court from then finding that the Town had not kept the road passable for thirty consecutive years.

The entry is:

Judgment vacated in part, affirmed in part. Remanded for entry of judgment in favor of plaintiffs David and Ruth Earwood and Lawrence E. Willey, II.