JSS REALTY CO., LLC, a New Hampshire limited liability company, Willey Creek Company, Inc., a New Hampshire corporation, Anne E. Blake, as successor trustee of Trust A of Harold L. Durgin Family Trust, and as successor trustee of Trust B of Harold L. Durgin Family Trust, Flagship Management Company, Inc., and D.L.J. Corp., a Maine corporation doing business as Century 21 Atlantic Realty, Plaintiffs

v.

**TOWN OF KITTERY,**
Maine, Defendant

CIV. No. 01–67–P–C.

United States District Court,
D. Maine.

Sept. 20, 2001.

Robert S. Frank, Harvey & Frank, Portland, ME, for JSS Realty Company, LLC., Willey Creek Company, Inc., Flagship Management Company, Inc., DLJ

---

Corporation, dba Century 21 Atlantic Realty and Ann E. Blake.

Mark V Franco, Thompson & Bowie, Portland, ME, for Town of Kittery.

## MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND

GENE CARTER, District Judge.

Plaintiffs originally filed this action in Maine Superior Court challenging Defendant Town of Kittery's enactment and application of a zoning ordinance to Plaintiffs' land use permit application for a retail development known as Willey Creek. The ordinance, Plaintiff alleges, abolished the transfer of retail development rights. Plaintiffs' Amended Complaint sets forth the following claims: the retroactive ordinance impairs the right to contract, in violation of Article I, Section 11 of the Maine Constitution (Count I); the retroactive ordinance is a law impairing the obligation of contracts, in violation of Article I, Section 20 of the United States Constitution (Count II); the retroactive ordinance takes Plaintiffs' private property without just compensation, in violation of Article I, Section 21 of the Maine Constitution (Count III); the retroactive ordinance takes the private property of Plaintiffs without just compensation, in violation of the Fifth and Fourteenth Amendments of the United States Constitution (Count IV); the retroactive ordinance is invalid under Maine law because the town counsel failed to approve the ordinance (Count V); Defendant is estopped from applying the retroactive ordinance to Plaintiffs' project (Count VI); the retroactive ordinance deprives Plaintiffs of property without due process of law, denies Plaintiffs equal protection of the law, denies Plaintiffs their civil rights, and discriminates against Plaintiffs' exercise of their civil rights, in violation of Article I, Section 6–A of the Maine Constitution and the Fourteenth Amendment of the United States Constitution (Count VII); and Plaintiffs' 80B appeal to the Superior Court claiming that Defendant refused to process JSS Realty's application under the land use ordinance as it existed prior to September 26, 2000 (Count VIII). *See* Amended Complaint (Docket No. 1B). Plaintiffs seek damages, declaratory relief, and attorneys' fees. *See id.* Defendant removed the suit to this Court on the basis of federal question jurisdiction. *See* Notice of Removal (Docket No. 1). The Court now has before it Plaintiffs' Motion to Remand (Docket No. 7) which argues that the Court should abstain from exercising jurisdiction over, and remand, the state law claims and stay the federal claims until the state law claims are resolved. After considering the arguments of the parties, the Court will deny Plaintiffs' Motion to Remand.

Plaintiffs contend that the retroactive application of the challenged ordinance violates Maine law governing zoning and that Defendant should be estopped from applying the new ordinance given Plaintiffs' change of position in reliance on the land use laws that existed at the time their application was filed. The resolution of this issue, Plaintiffs assert, may obviate the need for the Court to reach and decide the federal constitutional issues and, thus, the Court should abstain from hearing this matter under the doctrine articulated in *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Defendant responds, arguing that because there has been no final agency action, Plaintiffs' state court appeal under Rule 80B is not ripe and, therefore, that there is no basis upon which this Court can abstain.

■ Under the doctrine of *Burford* abstention, a federal court may decline to exercise jurisdiction where a state has a

unified scheme for review of its administrative orders and federal intervention would have a disruptive effect on the state's efforts to establish a coherent policy on a matter of substantial public concern. *See Burford,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424. In addition, the First Circuit has interpreted *New Orleans Public Service, Inc. v. Council of the City of New Orleans,* 491 U.S. 350, 363–64, 109 S.Ct. 2506, 2515–16, 105 L.Ed.2d 298 (1989), to limit the applicability of the doctrine such that *"Burford* abstention is only appropriate where the federal decision-making demands 'significant familiarity with ... distinctively local regulatory facts and policies.'" *Fragoso v. Lopez,* 991 F.2d 878, 884 (1st Cir.1993) (quoting New *Orleans Public Service,* 491 U.S. at 363–64, 109 S.Ct. at 2515–16, 105 L.Ed.2d 298).

■ In matters of land use, the Law Court has established by rule regularized procedures for addressing local land use decisions. Rule 80B(b) provides:

> The time within which review may be sought shall be as provided by statute, except that if no time limit is specified by statute, the complaint shall be filed within 30 days after notice of any action or refusal to act of which review is sought ... and, in the event of a failure to act, within six months after expiration of the time in which action should reasonably have occurred.

M.R. Civ. P. 80B(b). *See also Earwood v. Town of York,* 1999 ME 3, 722 A.2d 865. Plaintiffs argue that Rule 80B gives the Maine Superior Court the power to entertain their petition alleging that it is unlawful for the board to apply the new ordinance retroactively to their application. Defendant responds, arguing that there is no controversy ripe for the Superior Court's consideration.

An administrative agency should be protected from judicial interference until the parties are affected in a concrete way by a formalized administrative decision. *Schmidt v. Northfield,* 534 A.2d 1314 (Me. 1987) (citing *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148–49, 87 S.Ct. 1507, 18 L.Ed.2d 681, (1967)). Until Plaintiffs' application has actually been submitted to the planning board and that application has been denied, there is no justiciable controversy to bring to the Superior Court under Rule 80B. *See Ullis v. Town of Boothbay Harbor,* 459 A.2d 153, 158 (Me. 1983). The Kittery Planning Board's statement that it intends to apply to the new ordinance to Plaintiffs' application does not amount to final agency action under Rule 80B. Affidavit of Jeffery Towers (Docket No. 11) Ex. C Minutes of January 11, 2001, Kittery Planning Board Meeting.

In addition, the Court finds that the cases relied upon by Plaintiffs are distinguishable from the instant case. In *Portland Sand & Gravel, Inc. v. Town of Gray,* 663 A.2d 41 (Me.1995), the Law Court held that mandamus was an appropriate form of relief to compel a town planning board to review an application where the planning board had refused to act on an application for the expansion of a gravel pit, concluding that it had no jurisdiction to review such application while a court challenge to an applicable ordinance's amendments was pending. Similarly, in *Ray v. Town of Camden,* 533 A.2d 912 (Me.1987), where the town suspended its review of the site plan until the applicant took further action seeking a variance, the Law Court held that the applicant was entitled to an order compelling the board to complete the site plan review of his application. Unlike *Ray* and *Portland Sand & Gravel,* Plaintiffs do not contend that the town planning board has refused to review

and act upon their pending application.[1] Rather, the claim made is that the board's decision to apply the amendments retroactively is a final, reviewable act. The Court disagrees. Although Plaintiff's application is apparently complete, the Kittery Zoning Board has not denied that application. Since there has been no final action for the Superior Court to review, there is no basis upon which this Court could abstain.

Accordingly, the Court **ORDERS** that Plaintiffs' Motion to Remand be, and it is hereby, **DENIED.**

---

1. The Court notes that Plaintiffs' application has been pending for almost 15 months, but Plaintiffs have not requested that their application be placed on the Board's agenda. Response to Plaintiffs' Supplemental Memorandum Regarding Pending Motion to Remand Certain Claims (Docket No. 12) Ex. A Affidavit of Russell White ¶ 8. Therefore, the Court concludes that there has been no refusal to act by the Board.