2008 ME 165

**YORK HOSPITAL et al.**

v.

**DEPARTMENT OF HEALTH AND
HUMAN SERVICES et al.**

Supreme Judicial Court of Maine.

Argued: April 8, 2008.
Decided: Nov. 4, 2008.

Joseph M. Kozak, Esq., Julius Ciembroniewicz, Esq., Michael D. Seitzinger, Esq. (orally), Kozak & Gayer, P.A., Augusta, ME, for York Hospital and Wentworth–Douglass Hospital.

G. Steven Rowe, Atty. Gen., Janine Raquet, Asst. Atty. Gen. (orally), Bangor, ME, for Maine Department of Health and Human Services.

John P. Doyle, Jr., Esq., Charles F. Dingman, Esq. (orally), Jonathan G. Mermin, Esq., Bethany K. Beausang, Esq., Preti, Flaherty, Beliveau & Pachios, LLP, Portland, ME, for Southern Maine Medical Center and Maine Medical Center.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, MEAD, and GORMAN, JJ.

MEAD, J.

[¶ 1] York Hospital and Wentworth–Douglass Hospital, collectively the Collaborative, appeal from two judgments of the Superior Court (Kennebec County, *Marden, J.*), affirming three decisions of the Commissioner of the Department of Human Services (the Department).[1] These consolidated appeals focus upon the Commissioner's issuance of a certificate of need (CON) for the development of a cancer treatment facility in southern Maine.

[¶ 2] The decision of the Commissioner of the Department awarding the CON to Southern Maine Medical Center/Maine Medical Center (SMMC/MMC) has previously been before this Court. *York Hosp. v. Dep't of Human Servs. (York I)*, 2005 ME 41, 869 A.2d 729. In *York I*, we vacated the Superior Court's judgment and remanded the matter with an instruction to consider an expanded record. The Superior Court did so, and affirmed the CON Decision. The Collaborative appeals from this judgment.

[¶ 3] The other two decisions, described as the Commencement Decision and the Subsequent Review Decision, are decisions specific to SMMC/MMC's CON project, and were made while the CON Decision was in the appeal process. The Superior Court affirmed both decisions and the Collaborative again appealed. Both appeals, challenging the three decisions of the Commissioner noted above, have been consolidated for appellate review by this Court.

[¶ 4] The Collaborative offers three principal arguments on its appeal from the decisions noted above. First, it contends that the Superior Court erred when it found that the Commissioner's CON Decision was neither biased nor arbitrary or capricious. Second, the Collaborative contends that the Superior Court erred when it affirmed the Commissioner's decision that SMMC/MMC's CON project had commenced. Third, the Collaborative argues that the Superior Court erred when it concluded that the Department had jurisdiction to review and approve changes through the subsequent review process while the CON Decision was on appeal.

[¶ 5] On the last of these points, we conclude that the Department lacked jurisdiction to perform a subsequent review of SMMC/MMC's CON while the CON Decision was on appeal. We therefore vacate the Superior Court's judgment on the Subsequent Review Decision.

## I. BACKGROUND

[¶ 6] The Maine Certificate of Need Act of 1978 (CON Act) is administered by the Department and governs the application, award, and review of a CON.[2] Any party wishing to operate a health care facility, or modify or acquire control over an existing facility must apply for a CON. 22 M.R.S.A. § 304–A (2001). The Collaborative in December of 2001, and SMMC/

---

1. The Department of Human Services has since been renamed the Department of Health and Human Services.

2. The Certificate of Need Act of 1978, 22 M.R.S.A. §§ 301–324 (1992 & Supp.2001) (CON Act), was repealed and replaced by the Maine Certificate of Need Act of 2002, 22 M.R.S. §§ 326–350–C (2007). *Amended by*

P.L. 2001, ch. 664, § 2 (effective July 25, 2002). Because the CON applications of both parties were submitted prior to July 25, 2002, the earlier version of the CON Act applies. *See* 1 M.R.S.A. § 302 (1989) ("Actions and proceedings pending at the time of the passage, amendment or repeal of an Act or ordinance are not affected thereby.").

MMC in March of 2002, submitted to the Department separate applications for the development of a cancer treatment facility in Wells. Guided by the statutory criteria set forth in the CON Act, the Department engaged in an extensive and complex competitive review of the two applications. 22 M.R.S.A. § 309 (2001). On February 4, 2003, the Commissioner awarded the CON to SMMC/MMC. The Collaborative's petition for reconsideration was denied.

## A. The CON Decision

[¶ 7] Pursuant to M.R. Civ. P. 80C, the Collaborative appealed the final agency action awarding the CON to SMMC/MMC and alleged that the decision was affected by bias and prejudice.[3] The Superior Court affirmed the Department's decision. On appeal, we concluded that the Superior Court erred in denying the Collaborative's motion to correct or modify the record. *York I*, 2005 ME 41, ¶ 2, 869 A.2d at 732. We vacated the judgment and remanded the matter to the Superior Court to "take action regarding electronic correspondence that has recently been turned over by the Department." *Id.* On remand, the Superior Court reviewed an expanded record containing more than 1000 documents.

[¶ 8] On September 27, 2007, the Superior Court again affirmed the award of the CON to SMMC/MMC. While the Superior Court found evidence of bias against the Collaborative on the part of an individual staff member, it found no evidence of bias in the Department's decision awarding the CON to SMMC/MMC. The Court also found no evidence that the Department acted arbitrarily or capriciously. The Collaborative filed a timely notice of appeal to this Court on October 11, 2007.

## B. The Commencement Decision and Subsequent Review Decision

[¶ 9] In December 2003, SMMC/MMC made a request to the Department for an extension for its CON.[4] Because of the ongoing litigation of *York I* and site approval difficulties, the Department granted this request, and on January 22, 2004, extended the CON for two six-month extensions, the first extension expiring on August 4, 2004. In July of 2004, SMMC/MMC made a second request to extend its CON. The Department again extended the CON because of ongoing litigation, and also made a determination that the project had commenced for purposes of 22 M.R.S.A. § 317–A(3) (2001).

[¶ 10] In August 2004, SMMC/MMC submitted a request to the Department for subsequent review of its CON pursuant to 22 M.R.S.A. § 304 (2001). The cost of SMMC/MMC's CON project was expected to increase by roughly $493,700; the location of the project was changed from Wells to South Sanford; and Goodall Hospital was added as a partner to the project.

[¶ 11] In his decision dated September 13, 2004, the Commissioner approved both the subsequent review changes and commencement determination. SMMC/MMC's CON was amended accordingly. The Collaborative's petitions for reconsideration on both the Commencement and Subsequent Review Decisions were denied.

[¶ 12] On August 25, 2004, pursuant to M.R. Civ. P. 80C, the Collaborative filed a petition for review of the Commencement Decision, arguing that SMMC/MMC's CON had lapsed because its project had not commenced within twelve months as

---

3. A more detailed factual and procedural background of the CON Decision is provided in *York I*.

4. A CON expires if the project for which the CON was issued is not commenced within twelve months of the issuance of the CON. 22 M.R.S.A. § 317–A(3) (2001).

required by statute. On October 13, 2004, the Collaborative filed another petition pursuant to M.R. Civ. P. 80C for review of the Subsequent Review Decision, challenging the Department's jurisdiction over the subsequent review process. On November 23, 2004, these petitions were consolidated for proceedings in the Superior Court.

[¶ 13] On October 9, 2007, the Superior Court affirmed the Commencement and Subsequent Review Decisions. The Collaborative filed a timely notice of appeal with this Court on October 11, 2007.

## II. DISCUSSION

### A. The CON Decision

[¶ 14] The Collaborative contends that the Superior Court erred when it concluded that the CON Decision was neither biased nor arbitrary or capricious. The Superior Court correctly stated that the issue before it on remand was not whether a staff member was biased or prejudiced toward an applicant or committed any manner of impropriety in the application process.[5] Rather, the issue was whether the prejudice or bias of this individual affected the decision of the Department acting through the Commissioner.

[¶ 15] After careful review and examination of the preliminary and final recommendations made to the Commissioner, the court focused on three areas where bias or prejudice would most likely appear: the treatment of the Advisory Committee recommendation;[6] the treatment of the ap-

plicants with regard to site plan approval; and the treatment of the out-of-state hospital, Wentworth–Douglas. The court found no evidence that the Department acted arbitrarily or capriciously with respect to its consideration of the Advisory Committee's recommendation. The court also found no evidence that the biased staff member participated in the site plan approval process. Although there was a preference for the in-state hospitals, the court found this preference to be justified.

[¶ 16] We review the Superior Court's "findings of fact for clear error and will affirm the court's findings if there is competent evidence in the record to support them, even if the evidence might support alternative findings of fact." *Jacobs v. Jacobs*, 2007 ME 14, ¶ 5, 915 A.2d 409, 410. We do not distinguish findings based on documentary evidence from those involving oral testimony. *See Casco N. Bank v. JBI Assocs., Ltd.*, 667 A.2d 856, 859 (Me.1995). All factual findings are accorded substantial deference and overturned only if clearly erroneous. *Earwood v. Town of York*, 1999 ME 3, ¶ 8, 722 A.2d 865, 868.

[¶ 17] The Superior Court carefully reviewed the preliminary and final recommendations submitted to the Commissioner for prejudice and bias. The court found no evidence that the bias or improprieties of an individual staff member caused the Commissioner's decision to be in error or objectively unreasonable.[7] In addition, the

---

5. The documentary evidence clearly demonstrates that a Department staff member who worked as a health care financial analyst in the Certificate of Need Unit was strongly biased in favor of the MMC application and supplied MMC with information regarding the application process that would not ordinarily have been available to it.

6. The Advisory Committee recommendation approved the Collaborative's proposal and

disapproved SMMC/MMC's proposal. In his decision, the Commissioner stated why he chose not to rely on the Advisory Committee recommendations.

7. *See Quintal v. City of Hallowell*, 2008 ME 155, ¶¶ 23–25, 956 A.2d 88, 95 (requiring "actual participation" by the biased party in the final decision to support a contention of prejudice).

court found no evidence that the Commissioner, the final decision-maker in the CON process, was biased, acted in a biased manner, or otherwise acted improperly. There is competent evidence in the record to support the Superior Court's finding that the Commissioner's decision granting the CON to SMMC/MMC was not the result of bias or prejudice; nor was it affected by any bias or impropriety. The Superior Court's judgment on the CON Decision is therefore affirmed.

## B. The Commencement Decision

[¶ 18] The Collaborative contends that the Maine Certificate of Need Act of 2002 and the regulations promulgated under this version of the CON Act govern whether SMMC/MMC had commenced its CON project. The Department contends that the Collaborative failed to assert in its reconsideration petition that the wrong law and regulations were applied, and therefore this Court should disregard this argument.

■■■■ [¶ 19] In order to preserve an issue on appeal, that issue needs to be raised at the administrative agency level. *See Hale v. Petit*, 438 A.2d 226, 230 (Me. 1981); *see also Seider v. Bd. of Exam'rs of Psychologists*, 2000 ME 206, ¶ 37, 762 A.2d 551, 562. Given the *ex parte* nature of the Commencement Decision, however, we agree with the Superior Court's conclusion that the Collaborative could not have raised the issue any earlier than it did. The issue of which version of the CON Act applies is properly before this Court.

[¶ 20] Absent clear and unequivocal language to the contrary, the repeal or amendment of an Act does not affect any proceeding pending at the time of the repeal or amendment. 1 M.R.S.A. § 302 (1989). A "proceeding" includes, but is not limited to, petitions or applications for licenses or permits required by law at the time of their filing. *Id.*

[¶ 21] The Collaborative argues that the determination of commencement was a proceeding separate from the decision awarding the CON. In determining whether a proceeding is separate for purposes of 1 M.R.S.A. § 302, we consider whether the proceeding was initiated by a separate application, before a separate tribunal, governed by a different set of standards. *See Larrivee v. Timmons*, 549 A.2d 744, 746 (Me.1988).

■■■ [¶ 22] Here, the Commissioner's determination that SMMC/MMC's project had commenced was not a proceeding separate from the application and award of the CON to SMMC/MMC. The Commencement Decision directly involves SMMC/MMC's CON project. The decision was made by the same tribunal, the Commissioner, who applied the same set of standards, the Certificate of Need Act of 1978.

[¶ 23] Because both the Collaborative and SMMC/MMC filed their applications prior to the effective date of the Maine Certificate of Need Act of 2002, the Certificate of Need Act of 1978 and its regulations govern.

■■■ [¶ 24] We now review whether SMMC/MMC's project had commenced pursuant to the 1978 CON Act. This is a question of statutory interpretation reviewed de novo. *See Costain v. Sunbury Primary Care, P.A.*, 2008 ME 142, ¶ 5, 954 A.2d 1051, 1052.

[¶ 25] As part of its administration of the Certificate of Need Act of 1978, the Department publishes a manual, which includes statutory provisions of the CON Act, as well as regulations promulgated pursuant to the Maine Administrative Procedures Act. The 1998 Maine Certificate of Need Procedures Manual for Health Care Facilities (CON Manual) was the govern-

ing manual at the time of SMMC/MMC's and the Collaborative's applications.

[¶ 26] Chapter 9 of the CON Manual, entitled "Scope of Certificates of Need Issued," includes the regulations applicable to 22 M.R.S.A. § 317–A (2001).[8] Title 22 M.R.S.A. § 317–A(3) states "[a] certificate of need expires if the project for which the certificate has been issued is not commenced within 12 months following the issuance of the certificate." The regulations provide "[s]hould a holder of a certificate of need be litigating a complaint relative to the issuance of said certificate, then the project for which the certificate of need was issued shall be deemed to have commenced."[9] CON Manual, Chapter 9: Scope of Certificates of Need Issued, 3(C) (1998). Thus, the plain meaning of section 317–A(3) is clear—a CON is deemed commenced, and therefore cannot expire, if the holder of the CON is litigating a complaint relative to the issuance of the CON.

[¶ 27] SMMC/MMC's CON was awarded on February 4, 2003, and the Collaborative filed its 80C appeal on this final agency action on May 5, 2003. Pursuant to 22 M.R.S.A. § 317–A(3) and the regulations explaining this provision, SMMC/MMC's project had commenced and the CON had not expired.

[¶ 28] The Collaborative also argues that even if the 1998 CON Manual applies, the regulations pertaining to section 317–A(3) are invalid because they exceed the Department's rule-making authority. The Collaborative raises this argument by relying on and incorporating the argument made in its Superior Court brief.

[¶ 29] By briefing an issue in this manner, the Collaborative has not supported its position that the court erred when it found that the regulation did not exceed the Department's rule-making authority. When a party provides no argument as to how the Superior Court erred or why the court's decision should be vacated, we have applied the well-settled appellate rule that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Mehlhorn v. Derby*, 2006 ME 110, ¶ 11, 905 A.2d 290, 293 (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990)). We therefore decline to reach this issue.

[¶ 30] The Superior Court did not err when it affirmed the Commissioner's decision that SMMC/MMC's project had commenced. We affirm this judgment.

C. The Subsequent Review Decision

[¶ 31] The Collaborative argues that the Superior Court's finding that subsequent review was within the Department's authority was in error because the Department did not have jurisdiction to modify SMMC/MMC's CON through the substantive review process.[10] We agree that jurisdiction over SMMC/MMC's CON project was removed from the Department and vested in the courts of Maine on May 5, 2003, the date on which the Collaborative appealed from the CON Decision.

[¶ 32] Questions of law, such as whether subject matter jurisdiction exists, are subject to de novo review. *State v. Dhuy*, 2003 ME 75, ¶ 8, 825 A.2d 336, 341.

8. Title 22 M.R.S.A. § 317–A (2001) has since been replaced by 22 M.R.S. § 346 (2007).

9. Subsection 3(C) was not included in the revised 2003 CON Manual.

10. The Collaborative raises a number of other arguments pertaining to the Subsequent Review Decision. Because the Court is vacating the Superior Court's decision based on the jurisdiction argument, we do not address those remaining arguments pertaining to subsequent review.

[¶ 33] We have clearly limited an agency's authority to exercise power over final agency actions that have been appealed. In *Gagne v. City of Lewiston*, 281 A.2d 579 (Me.1971), we considered for the first time the authority of an agency to reconsider or modify its decision while an appeal was pending. We held "that the appeal terminates the authority of the tribunal to modify its decision unless the court remands the matter to the tribunal for its further action, thereby reviving its authority." *Gagne*, 281 A.2d at 583. The establishment of such a rule is in accord with the reasoned concept that an appeal removes the matter from the administrative tribunal to the Superior Court. More importantly, the rule "[e]nsures the stability of the decision" while undergoing judicial review. *Id.* (citations omitted).

[¶ 34] This rule has been reaffirmed in *Eastern Maine Medical Center v. Health Care Finance Comm'n*, 601 A.2d 99, 101 (Me.1992) ("[A]n appeal from final agency action automatically removes jurisdiction from the administrative agency to the court system"), and *Portland Sand & Gravel, Inc. v. Town of Gray*, 663 A.2d 41, 43 (Me.1995) ("[A]n agency loses jurisdiction over a pending matter .... when a party aggrieved by a decision of the agency seeks direct judicial review of that decision in the Superior Court.").

[¶ 35] SMMC/MMC argues that the Commissioner was not correcting a mistake, as was the case with the Board of Appeals in *Gagne*. Rather, the Commissioner was acting on a new matter, a request for subsequent review.

[¶ 36] Subsequent review is not a process that can be separated from the issuance of a CON.[11] Any changes approved after subsequent review are incorporated by amending the CON already issued. 22 M.R.S.A. § 304–B(2) (2001). When the Department makes an amendment in this manner, it is modifying its original decision, not making a new one. We have expressly held that modifications to agency decisions are unauthorized if the matter being modified is on appeal and the court has not directed the agency to take further action. *Gagne*, 281 A.2d at 583; *E. Me. Med. Ctr.*, 601 A.2d at 101.

[¶ 37] The Department's jurisdiction over the CON issued to SMMC/MMC on February 4, 2003, ceased upon the filing of the Collaborative's appeal on May 5, 2003. The Department did not have the authority to review or approve any changes to SMMC/MMC's CON until the CON Decision appeal was completely and fully resolved. The Superior Court's judgment affirming the Department's subsequent review is therefore vacated.

The entry is:

Regarding AP–03–24, judgment affirmed as to the CON Decision.

Regarding AP–04–61, judgment affirmed as to the Commencement Decision.

Regarding AP–04–78, judgment vacated as to the Subsequent Review Decision. Remanded to the Superior Court for the entry vacating the decision of the Department and for remand to the Department for further proceedings consistent with this opinion.

---

11. Title 22 M.R.S.A. § 304–B (2001) governs the subsequent review process and sets forth those CON changes, which warrant subsequent review and approval. It has since been replaced by 22 M.R.S. § 331 (2007).