STATE OF MAINE                              SUPERIOR COURT
ANDROSCOGGIN, ss.                           CIVIL ACTION
                                            DOCKET NO. AP-17-002

ASHLEY FEARON                    )
                                 )
              Petitioner,        )
                                 )
v.                               )          ORDER ON 80C PETITION FOR
                                 )          REVIEW OF FINAL AGENCY
COMMISSIONER, MAINE              )          ACTION
DEPARTMENT OF HEALTH AND         )
HUMAN SERVICES                   )                  JUN 27 '17 PM3:32
                                 )               ANDRO SUPERIOR COU
              Respondent.        )

Before the court is Petitioner Ashley Fearon's appeal for review of Respondent Department of Health and Human Services' (DHHS's) decision that she was overpaid Transitional Child Care (TCC) benefits. M.R. Civ. P. 80C; 5 M.R.S. § 11002. For the reasons below, this court denies Petitioner's appeal.

I.     Background

Petitioner filed a hearing request with DHHS to challenge an assessment that she was not eligible for TCC benefits from February 2015 through September 2016, and had been overpaid. (Pet'r's Compl. ¶¶ 16, 17.) Petitioner's requested hearing was held on December 5, 2016, and Petitioner received notice that DHHS has decided against her on January 25, 2016. (Pet'r's Compl. ¶ 18.) On February 22, 2017, Petitioner filed a complaint for review of the decision, and asks this court to reverse the decision. On April 5, 2017, DHHS filed the certified record of the hearing.

II.    Standard of review

When acting in an appellate capacity pursuant to Rule 80C and the Administrative Procedures Act, 5 M.R.S.A. §§ 11001-11008, the court reviews an agency's decision for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. *Somerset Cnty. v. Dep't of Corr.*, 2016 ME 33, ¶ 14, 133 A.3d 1006. The party seeking to vacate an agency's decision bears the burden of

1 of 4

persuasion to demonstrate error. *Rossignol v. Me. Pub. Emples. Ret. Sys.*, 2016 ME 115, ¶ 6, 144 A.3d 1175.

Questions of law are subject to de novo review. *York Hosp. v. HHS*, 2008 ME 165, ¶ 32, 959 A.2d 67. Deference is given to an agency's interpretation of an ambiguous regulation or statute that is within its area of expertise unless the interpretation is unreasonable or if the statute or regulation plainly compels a contrary result. *Cheney v. Unemployment Ins. Comm'n*, 2016 ME 105, ¶ 6, 144 A.3d 45; *Lippitt v. Bd. of Certification for Geologists & Soil Scientists*, 2014 ME 42, ¶ 17, 88 A.3d 154. The Court will not substitute its judgment for that of the agency where there is sufficient relevant evidence that a reasonable mind might accept as adequate to support the resultant conclusion, and the fact-finder could have fairly and reasonably found the facts as they did, even if the record contains inconsistent evidence or evidence contrary to the result reached by the agency. *Cheney*, 2016 ME 105, ¶ 6, 144 A.3d 45; *Guar. Trust Life Ins. Co. v. Superintendent of Ins.*, 2013 ME 102, ¶ 18, 82 A.3d 121; *Watts v. Bd. of Envtl. Prot.*, 2014 ME 91, ¶ 5, 97 A.3d 115. An agency has the authority to determine the weight to be given to the evidence. *Rossignol*, 2016 ME 115, ¶ 6, 144 A.3d 1175; 5 M.R.S.A. § 11007(3). The reviewing court will vacate a determination that a party failed to meet its burden of proof only if the record compels a contrary conclusion to the exclusion of any other inference. *Rossignol*, 2016 ME 115, ¶ 6, 144 A.3d 1175.

III.     Discussion

Petitioner argues that DHHS was mistaken that she was ineligible for TCC benefits after resigning from her job in January 2015, because she remarried in February 2015, establishing the conditions for a two-parent household such that there was no gap in her eligibility. (Pet'r's Br. 4, 5.) Respondent DHHS argues that she was not a two-parent family when she resigned from her job, and the payments to her were in error.

(Resp't's Br. 1,3.) The DHHS rule is that TCC benefits automatically terminate when employment of the working recipient in the household ceases. (Resp't's Br. 6.) But, two-parent families may qualify for TCC benefits, if one parent is working at paid employment, and the non- working parent is engaged in an education or training program. 10-144 C.M.R. Ch. 331, V(I)(a)(1).

Here, there is no dispute that Petitioner was eligible for TCC benefits as the employed member of a single-parent household prior to resigning from her job in January 2015 to attend school. According to the plain language of the rules, DHHS reasonably interpreted the rules to conclude her resignation triggered an automatic termination of the benefits. Petitioner was the sole recipient of the TCC benefits at that moment. Regardless of whether the two-parent family rule applies to step-parents, or only natural and adoptive parents, she did not marry until the end of February 2015.

Next, Petitioner argues that, even if she was not eligible for TCC, she was eligible for CCSP benefits which DHHS should have figured out and enrolled her in based on a single application (Pet'r's Br. 6). In support, she cites to the "Single application form" requirement whereby DHHS was required to develop a universal application for all publicly funded child care programs for applicants who are seeking child care as their primary service, to be used by all caseworkers and contractors to determine eligibility for applicants. 5 M.R.S. § 3735. But, DHHS reasonably interprets that the Single application form statute did not require DHHS to automatically enroll Petitioner into benefits programs for which she may have been eligible but did not apply.

Finally, even if she was erroneously provided TCC benefits, Petitioner argues DHHS should be equitably estopped from retrieving these benefits. (Pet'r's Br. 7.) To prove equitable estoppel against a governmental entity, the party asserting it must demonstrate that: (1) the statements or conduct of the governmental official or agency

induced the party to act; (2) the reliance was detrimental; and (3) the reliance was reasonable. *Dep't of Health and Human Services v. Pelletier*, 2009 ME 11, ¶ 17, 964 A.2d 630. The reviewing court will consider "the totality of the circumstances, including the nature of the government official or agency whose actions provide the basis for the claim and the governmental function being discharged by that official or agency." *Kittery Retail Ventures, LLC v. Town of Kittery*, 2004 ME 65, ¶ 34, 856 A.2d 1183 (quotation marks omitted). But, a government entity can act only in a manner consistent with its authorizing document. *Budge v. Town of Millinocket*, 2012 ME 122, ¶ 27, 55 A.3d 484. Payments of benefits promised by government officials cannot effect estoppel because the officials are not authorized to make such a promises when the government entity has not promised to make such payments. *Id*.

Here, Petitioner testified that she based her decision to resign from her job, in part, on an assurance from a DHHS representative that she would continue to receive TCC benefits. (Pet'r's Br. 9.) But, her reliance on an alleged promise by a DHHS representative was not reasonable, where her ineligibility for TCC benefits upon resigning from her job meant the representative was unauthorized to make that promise. *Kittery Retail Ventures, LLC v. Town of Kittery*, 2004 ME 65, ¶ 36, 856 A.2d 1183.

IV.    Conclusion

For these reasons, this court declines to reverse the decision of Respondent DHHS.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: ___6/27/12___

_____
MaryGay Kennedy
Justice, Superior Court

4 of 4

Date Filed    2-22-17      Androscoggin County            Docket No. AP-17-2

Action:   80C Appeal

Ashley Fearon               vs.          Maine Department of Health and Human Services

---

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Frank D'Alessandro, Esq. | N. Paul Gauvreau, Esq. AAG |

Date of Entry

---

2017

| | |
|---|---|
| Feb 22 | Received 02-22-17:<br>Petition for Review of Agency Action 80C filed. |
| Mar 13 | Received 03-13-17:<br>Entry of Appearance of Thomas Quinn, AAG filed. |
| Mar 13 | Received 03-13-17:<br>Acknowledgement of Receipt of Summons and Complaint filed.<br>Thomas Quinn, Esq. on behalf of DHHS. |
| Apr 5 | Received 04-05-17:<br>Certification of Record filed. |
| Apr 5 | On 04-05-17:<br>Notice and Briefing Schedule filed.<br>Appellant's brief is due on or before May 15, 2017.<br>Copies to parties on 4-5-17. |
| April 24 | Received 04-24-17:<br>Notice of Withdrawal of Thomas Quinn, Esq. with entry of appearance of N. Paul Gauvreau, Esq. |
| May 12 | Received 05-12-17:<br>Petitioner's Brief filed. |
| June 1 | On 06-01-17:<br>Hearing on Appeal set for June 29, 2017 at 10:00 a.m. Notice to parties. |
| June 12 | Received 06-12-17:<br>Respondent's Brief filed. |
| June 26 | Received 06-26-17:<br>Petitioner's Rule 80C Reply Brief filed. |