STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-18-74

STEPHEN DOANE, M.D.,

       Plaintiff

v.

**ORDER**

MAINE DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

       Defendant

Before the Court is Petitioner Stephen Doane, M.D.'s ("Dr. Doane's") Rule 80C petition for review of the Department of Health and Human Service's decision to terminate Dr. Doane from his participation in the MaineCare program. Petitioner is represented by Attorney Christopher C. Taintor. Respondent is represented by Assistant Attorney General Thomas C. Bradley. Oral argument was held on February 3, 2020. For the following reasons, the Court affirms the Department's decision.

## FACTS

Dr. Doane is a physician licensed by the Board of Licensure in Medicine (the "Board of Licensure"). (R. 45.) In May 2012, Dr. Doane entered into a consent agreement with the Board of Licensure after one of Dr. Doane's patients died from a prescription drug overdose. (R. 78, 86.) Just a few days after entering into the agreement, another of Dr. Doane's patients died after taking medications prescribed by Dr. Doane. (R. 66.) Following this second death, the Board of Licensure censured Dr. Doane, imposed terms of probation on Dr. Doane's license, and required a monitor for Dr. Doane's medical practice. (R. 45, 75-76.)

1

On April 9, 2015, DHHS notified Dr. Doane that it was terminating Dr. Doane's participation in the MaineCare program. (R. 41-44.) Dr. Doane appealed this decision and the Department conducted an informal review. (R. 114.) The informal review resulted in a decision affirming Dr. Doane's termination from MaineCare. (R. 114-116.) On September 23, 2015, Dr. Doane filed a complaint in the Superior Court which sought a declaratory judgment that the Department lacked jurisdiction to terminate him from participation in MaineCare.¹ *Doane v. Dep't Health and Human Services*, 2017 ME 193, ¶ 5, 170 A.3d 269; *Doane v. Me. HHS*, 2016 Me. Super. LEXIS 125, at *3 (Me. Super. Ct. June 30, 2016). On November 5, 2015, Dr. Doane requested an administrative hearing regarding the Department's decision to terminate him from MaineCare. (R. 119.) The Department held a hearing on May 11, 2016. (Amended Transcript; R. 1299.) On June 30, 2016 the Superior Court issued a decision holding that the termination of a provider's participation in MaineCare constitutes a license revocation which can only be performed by the District Court. *Doane*, 2016 Me. Super. LEXIS 125, at *18 (Me. Super. Ct. June 30, 2016). Following the Superior Court's decision, the administrative proceedings were stayed during the pendency of the Department's appeal to the Law Court. (R. 21-22.) On September 12, 2017, the Law Court issued a decision holding that jurisdiction over Doane's provider participation in MaineCare is as set out in the MaineCare Benefits Manual. *Doane*, 2017 ME 193, ¶ 32. The Law Court thus held that the Department had jurisdiction to terminate a provider's participation in the MaineCare program. *Id.*

On January 19, 2018, the administrative hearing officer issued findings of fact and recommended that the Department reverse its decision to terminate Dr. Doane's participation in MaineCare. (R. 1275-1290.) On October 10, 2018, the Acting Commissioner of DHHS issued a

---

¹ Specifically, Dr. Doane argued that his termination from MaineCare constituted an action to revoke of his license over which only the District Court had jurisdiction.

Final Decision adopting the hearing officer's findings of fact but rejecting the hearing officer's recommendation. (R. 1297.) The Acting Commissioner's Final Decision thus affirmed the Department's decision to terminate Dr. Doane from participation as a provider in the MaineCare program. Dr. Doane timely filed an appeal with this court.

## STANDARD OF REVIEW

Pursuant to M.R. Civ. P. 80C, the Superior Court must review an agency's decision directly for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. *Doe v. Dep't of Health and Human Services*, 2018 ME 164, ¶ 11, 198 A.3d 782. The Court will not vacate an agency's decision unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or an error of law; or is unsupported by the evidence in the record. *Kroeger v. Dep't of Envtl. Prot.*, 2005 ME 50, ¶ 7, 870 A.2d 566. Questions of law are subject to de novo review. *Id* (citing *York Hosp. v. Dep't of Health & Human Servs.*, 2008 ME 165, ¶ 32, 959 A.2d 67). The reviewing court will affirm findings of fact if they are supported by "substantial evidence in the record", even if the record contains inconsistent evidence or evidence contrary to the result reached by the agency. *Passadumkeag Mountain Friends v. Bd. of Environmental Prot.*, 2014 ME 116, ¶¶ 12, 14, 102 A.3d 1181.

## DISCUSSION

Dr. Doane raises three arguments in this appeal. First, Dr. Doane argues that the Department has acted in excess of its statutory authority because it may only exclude providers from participating in the MaineCare program for reasons of fraud. Second, Dr. Doane argues that

3

the Department is bound by the Board of Licensure's decision not to revoke Dr. Doane's medical license. Third, Dr. Doane argues that the Department's decision is not supported by substantial evidence and constitutes an abuse of discretion.

### 1. The Department's Authority to Terminate Providers from Participating in MaineCare.

Dr. Doane argues that the Department may not terminate his participation as a provider in MaineCare because the Legislature has not authorized the Department to exclude providers from the MaineCare program except in instances where the provider has committed fraud or been overpaid. The Court disagrees.

The Department of Health and Human Services is the agency responsible for administering the Maine's Medicaid program, which is known as MaineCare. *Doane*, 2017 ME 193, ¶ 20 (citing 22 M.R.S. § 3173 and 24-A M.R.S. § 6911). In order to carry out its responsibilities, the Department is "authorized and empowered to make all necessary rules and regulations consistent with the laws of the State for the administration" of MaineCare. 22 M.R.S. § 3173; *see also Id.* This includes the authority to establish conditions of eligibility and to enter into contracts with "health care servicing entities." 22 M.R.S. § 3173. Because the Legislature has granted the Department the authority to set conditions of eligibility for provider participation in MaineCare, the Department is therefore authorized to exclude or terminate a provider from participating in MaineCare if that provider does not meet the conditions of eligibility. Nothing in the MaineCare enabling legislation limits the Department to basing a provider's eligibility solely on whether the Provider has committed fraud or been overpaid. Consequently, the Department has not exceeded the scope of its authority by promulgating MaineCare rules which allow it to exclude or terminate providers from participating in the MaineCare program for reasons other than fraud or overpayment.

## 2. Administrative Res Judicata

Dr. Doane argues that the Department may not exclude him from participating in the MaineCare program because such an exclusion would be inconsistent with the Board of Licensure's Decision not to revoke his license. Specifically, Dr. Doane argues that implicit in the Board's ruling is the determination that Dr. Doane is a "competent and honest practitioner" who satisfies the "minimum standards of proficiency in the [medical] profession." Dr. Doane argues that, pursuant to principles of res judicata, this implicit determination has a preclusive effect upon the Department.

It is true that, as Dr. Doane argues, the principle of res judicata can apply to administrative adjudications. *See Cline v. Me. Coast Nordic*, 1999 ME 72, ¶ 9, 728 A.2d 686. The problem with his argument, however, is that the Board of Licensure's decision not to revoke Dr. Doane's medical license is not identical to the issue of whether Dr. Doane should or should not be allowed to continue participating in the MaineCare program. *See Doane*, 2017 ME 193, ¶¶ 16, 29-30 (distinguishing the professional licensing of physicians from the implementation of MaineCare). Consequently, the Board of Licensure's decision not to revoke Dr. Doane's license does not prevent the Department from excluding Dr. Doane from participating in the MaineCare program.

## 3. Sufficiency of the Acting Commissioner's Findings

Pursuant to the rules governing MaineCare, the Commissioner may impose sanctions on a provider for "[v]iolation of any laws, regulations or code of ethics governing the conduct of occupations or professions or regulated industries; . . . [f]ailure to meet standards required by State or Federal law for participation; . . . [or] [f]ormal reprimand or censure by an association of the provider's peers for unethical practices." 10-144 C.M.R. ch. 101, §§ 1.19-1(M), (O), (R). The

5

available sanctions include terminating or excluding a provider from participating in the MaineCare program. *Id.* § 1.19-2(A). In determining whether to impose sanctions, the Commissioner may take into account the "[s]eriousness of the offense(s); [e]xtent of violation(s); [h]istory of prior violation(s); [p]rior imposition of sanction(s); [p]rior provision of provider education; [p]rovider willingness to obey MaineCare rules; [w]hether a lesser sanction will be sufficient to remedy the problem; and [a]ctions taken or recommended by peer review groups, other payors, or licensing boards." *Id.* §§ 1.19-3(A)(1)(a)-(h). The decision whether to impose sanctions is vested in the Commissioner. *Doane*, 2017 ME 193, ¶ 24.

In this case, there is no dispute that the record contains evidence Dr. Doane violated regulations and codes of ethics governing the conduct of his profession and that he received a censure from an association of his peers. (R. 74-75.) The record also contains evidence that the violations involved the death of a patient, that Dr. Doane demonstrated incompetence in the prescribing of controlled substances, that Dr. Doane's prescription practices resulted in the prior death of a patient; and that Dr. Doane has previously been subject to the imposition of sanctions by the Board of Licensure in Medicine. (R. 66, 74-75, 78-86.) The Record thus contains substantial evidence supporting the Acting Commissioner's decision to sanction Dr. Doane by terminating his participation in the MaineCare program. The Court recognizes that record evidence could also support a decision not to terminate Dr. Doane's participation in the MaineCare program. This is particularly true given the passage of time from when the conduct occurred that resulted in sanctions, and what Dr. Doane has done since that time. However, the Court is not permitted to simply reweigh the evidence and substitute its judgment for that of the Acting Commissioner. *See Gulick v. Bd. of Envtl. Prot.*, 452 A.2d 1202, 1209 (Me. 1982) ("Judges may not substitute their judgment for that of the agency merely because the evidence

could give rise to more than one result"). So long as that is the standard this Court must follow, the Court cannot find on this record that the Acting Commissioner's decision did not constitute an abuse of discretion.

Finally, the Acting Commissioner's written decision contains conclusions of law, citations to relevant legal authority for her decision, and expressly adopts the hearing examiners written findings of fact. Thus, contrary to Dr. Doane's argument, the Acting Commissioner's decision contains findings of fact sufficient to apprise the parties and any interest member of the public of the basis for the decision. 5 M.R.S. § 9061.

**The Entry is**: The Decision of the Acting Commissioner of the Department of Health and Human Services to Exclude Dr. Doane from Participating in the MaineCare Population is AFFIRMED.

Date: 5/15/2020

Justice, Superior Court

7