MAINE SUPREME JUDICIAL COURT                                     Reporter of Decisions
Decision:     2016 ME 115
Docket:       Ken-15-625
Argued:       June 10, 2016
Decided:      July 21, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

ROBERT D. ROSSIGNOL

v.

MAINE PUBLIC EMPLOYEES RETIREMENT SYSTEM

PER CURIAM

[¶1]  Robert D. Rossignol appeals from a judgment entered by the Superior Court (Kennebec County, *Marden, J.*) affirming the decision of the Maine Public Employees Retirement System (MPERS) Board of Trustees (the Board) to affirm the Executive Director's designee's denial of Rossignol's application for disability retirement benefits.  Because the record does not compel the conclusion that Rossignol has a mental or physical incapacity that "is expected to be permanent" and makes it "impossible to perform the duties of [his] employment position," 5 M.R.S. § 17921(1)(A), (B) (2015), we affirm.

[¶2]  Rossignol was employed as a special education teacher at Regional School Unit 14 Sebago Education Alliance (SEA) from August 2009 until June 2010.  His last date in service was April 15, 2010, which was preceded by

2

reports that he was not effectively controlling students in his classroom. On June 1, 2010, SEA notified Rossignol that it would not renew his probationary teaching contract.

[¶3] In January 2011, Rossignol applied to MPERS for disability retirement benefits. *See* 5 M.R.S. § 17925 (2015). In his application, he alleged that he suffers from major depressive disorder, generalized anxiety disorder, and panic attacks, which make it impossible for him to perform the duties of his position at SEA.[1] The Executive Director's designee ultimately denied Rossignol's application,[2] *see* 5 M.R.S. § 17105(2)(C) (2015), and Rossignol appealed to the Board, *see* 5 M.R.S. § 17451(1) (2015). In September 2014, after holding a hearing that ran over the course of several months, a hearing officer issued a recommended final decision, *see* 5 M.R.S. § 17106-A (2015), proposing a determination that Rossignol failed to establish that he was disabled pursuant to 5 M.R.S. § 17921(1), thereby affirming the Executive Director's designee's denial of disability retirement benefits.

---

[1] Although not included in his initial application, Rossignol was given leave to add post-traumatic stress disorder as an additional basis for his disability retirement benefit claim. The Board denied that aspect of his claim, and Rossignol does not appeal from that determination.

[2] The matter was submitted to the Executive Director's designee several times as the record was supplemented with additional information, which accounts for some of the time Rossignol's application was pending before the Board issued its decision.

[¶4] In April 2015, the Board adopted the hearing officer's recommended final decision and denied Rossignol's application for disability retirement benefits on the grounds that (1) although the record demonstrated that he had major depressive disorder, he had not proved that the condition made it impossible for him to perform the essential duties of his employment as of his last date in service; and (2) he had failed to prove that as of that date, he had diagnosable conditions of generalized anxiety disorder or panic attacks. Rossignol filed a complaint for review of the Board's decision in the Superior Court, *see* 5 M.R.S. §§ 11001-11007 (2015); M.R. Civ. P. 80C, which affirmed the Board's decision. Rossignol appealed to us, arguing that the evidence compelled the Board to grant his application for disability retirement benefits.[3]

[¶5] In order to qualify for disability retirement benefits, an applicant must demonstrate that he or she has a mental or physical incapacity that "is expected to be permanent" and that the incapacity makes it "impossible to perform the duties of [the applicant's] employment position." 5 M.R.S. §§ 17921(1)(A), (B), 17924(1) (2015).

---

[3] In addition to challenging the findings and conclusions of the Board, Rossignol asserts that the proceedings were tainted by bias. Rossignol's only arguments in support of this claim are that the hearing officer was motivated to "serve" the MPERS Board, which appointed him, *see* 5 M.R.S. § 17106-A (2015), and that the hearing officer's analysis of the evidence "lacks basic rationality." Rossignol's assertions are not sufficient to overcome the presumption that a hearing officer and an agency act in good faith. *See Friends of Maine's Mountains v. Bd. of Envtl. Prot.*, 2013 ME 25, ¶ 23, 61 A.3d 689. Although there is conflicting evidence in the record, the Board's supported findings on factual matters in dispute are not reflective of bias.

4

[¶6] On an appeal from intermediate appellate review of an administrative decision, "we review directly the original decision of the fact-finding agency, without deference to the ruling on the intermediate appeal by the court from which the appeal is taken." *Anderson v. Me. Pub. Emps. Ret. Sys.*, 2009 ME 134, ¶ 2, 985 A.2d 501. As the fact-finder, the Board has the authority to determine the weight to be given to the evidence, and we will not substitute our judgment for the Board's. *Id.* ¶¶ 27-28; 5 M.R.S. § 11007(3). As the party seeking to vacate the Board's decision, Rossignol bears the burden of persuasion on appeal to demonstrate error below. *Anderson*, 2009 ME 134, ¶ 3, 985 A.2d 501. Because Rossignol bore the burden of proof before the agency, we will vacate the Board's determination that he failed to meet that burden "only if the record compels a contrary conclusion to the exclusion of any other inference." *Id.* ¶ 28.

[¶7] Contrary to Rossignol's contention, the record does not compel the conclusion that he met his burden of proving that he is eligible for benefits pursuant to 5 M.R.S. §§ 17921(1) and 17924(1). The Board correctly acknowledged that the evidence generated factual disputes, including on the central questions of the effect of Rossignol's depressive disorder on his functional capabilities, and whether he even suffered from panic attacks and anxiety. The existence of those factual disputes generated by the evidence precludes the conclusion that the Board was compelled to grant his application for benefits.

[¶8]  Although Rossignol presented evidence of debilitating psychological conditions, that evidence was countered, for example, by the opinion of a psychiatrist who evaluated Rossignol in July 2011 and concluded that any relationship between those conditions and his ability to work as a teacher "is not objectively well established"; that Rossignol's depressive disorder did not create significant cognitive dysfunction; that the symptoms of stress and anxiety reported by Rossignol were out of proportion to the limited duration of his stress at SEA, leading the psychiatrist to be "highly skeptical" that Rossignol had an anxiety disorder as of his last date in service; that Rossignol did not consider himself to be totally and permanently disabled until *after* SEA notified him that his teaching contract would not be renewed, which is when the symptoms of anxiety and stress became more pronounced; that Rossignol presented indicators of exaggeration; and that other events in his life created incentives for secondary gain.  The Board was also presented with evidence from a different psychiatrist that Rossignol continued to engage in a range of activities, such as cooking, traveling, and gardening, thereby demonstrating considerable functional abilities.[4]  Based on competent

---

[4]  The administrative record includes four reports from a medical board of three physicians designated by the MPERS Board of Trustees to review Rossignol's medical records and submit a report on the merits of his disability claim for the Board's consideration.  *See* 5 M.R.S. § 17106(3) (2015) (providing that the medical board is "advisory" and shall provide to the Board "a written report of its analysis of how the applicant's medical records do or do not demonstrate the existence of physical or mental functional limitations entitling an applicant to benefits"); *Anderson v. Me. Pub. Emps. Ret. Sys.*, 2009 ME 134, ¶ 28, 985 A.2d 501.  Here, even without regard to the medical board's analysis, the opinions of the psychiatrists described in the text, which were accepted by the Board of Trustees, particularly when combined with

6

evidence, the Board concluded that Rossignol's difficulties performing his teaching responsibilities effectively were far less attributable to a depressive disorder than to "his lack of experience, strategies, and skills" in the classroom.

[¶9]    Although the record contains evidence that could support an administrative determination favorable to Rossignol, the Board assigned greater weight to contrary evidence.  Accordingly, Rossignol has not demonstrated that the record compels a finding that under the governing statutory standard, he is entitled to disability retirement benefits.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Mark A. Cloutier, Esq., Cloutier, Conley & Duffett, P.A., Portland, for appellant Robert D. Rossignol

Janet T. Mills, Attorney General, and Christopher L. Mann, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Maine Public Employees Retirement System

---

other evidence presented to the Board, were by themselves a sufficient basis to deny Rossignol's application.  *See id.* ¶ 29.

**At oral argument:**

Mark A. Cloutier, Esq., for appellant Robert D. Rossignol

Christopher L. Mann, Asst. Atty. Gen., for appellee Maine Public Employees Retirement System

Kennebec County Superior Court docket number AP-15-31
FOR CLERK REFERENCE ONLY