STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. PORSC-AP-2017-03

RAY LEDGES, LLC, a Maine )
Limited Liability Company of )
Canton, Oxford County, Maine, and )
JJCF, LLC, a Maine Limited Liability )
Company of Canton, Oxford County )
 )
Plaintiffs, )
 )
v. )
 )
THE INHABITANTS OF THE )
TOWN OF HARPSWELL )
 )
Defendant. )

ORDER ON PLAINTIFFS' 80B APPEAL

STATE OF MAINE
Cumberland ss Clerk's Office

JUN 07 2017 11:59 AM

RECEIVED

Plaintiffs appeal from a decision by the Town of Harpswell Board of Appeals ("BOA") pursuant to Maine Rule of Civil Procedure 80B.

I.    Background

On April 14, 2016, Plaintiffs Ray Ledges, LLC and JJCF, LLC recorded a notice, pursuant to 23 M.R.S. § 3032, of their alleged ownership of half of a proposed, unaccepted way ("paper street") abutting their property which they claimed had been vacated by The Town. (Pl.'s Compl. ¶ 7.) On May 5, 2016, Plaintiffs applied for a permit to build a septic system, a portion of which would be on the abutting paper street. (Pl.'s Compl. ¶¶ 8, 10.) Trees located in that paper street were within a Resource Protection District (within 75 feet of the shoreland buffer; D.'s Br. 2-3), and as such, their removal was subject to the Shoreland Zoning Ordinance. Harpswell, Me., Shoreland Zoning Ordinance (June 14, 2007). The permit was granted on May 10, 2016, and on June 1, 2016, Plaintiffs cut trees on the site. (Pl.'s Compl. ¶¶ 10-11.) On June 7, 2016, after receiving calls from neighbors questioning Plaintiffs' right to cut trees in the paper street, the Code Enforcement Officer (CEO) issued a verbal stop work order. (Pl.'s Br. 5.)

**Plaintiffs-John Conway, Esq.**
**Defendant-Amy Tchao, Esq.**

On August 31, 2016, Plaintiffs applied for a permit to build a redesigned septic system that was not on the paper street, which was granted on September 15, 2016. (Pl.'s Compl. ¶¶ 13-14; Pl.'s Br. 6.) In an October 12, 2016 letter (amended on October 24, 2016), the CEO notified Plaintiffs that their June 2016 tree cutting was in violation of the Shoreland Zoning Ordinance, and ordered that the trees be replanted. (Pl.'s Compl. ¶ 15.) On December 14, 2016, the BOA denied Plaintiffs' appeal to vacate the violation, and upheld the tree replanting plan. (Pl.'s Compl. ¶ 17.) Plaintiffs filed this complaint on January 25, 2017, and submitted a brief on March 6, 2017. The Town submitted a brief on April 3, 2017. On April 19, 2017, Plaintiffs submitted a reply brief.

II.     Standard of Review

The Superior Court independently examines the record and reviews the decision of municipal boards for abuse of discretion, error of law, or findings unsupported by substantial evidence in the record. *Somerset Cnty. v. Dep't of Corr.*, 2016 ME 33, ¶ 14, 133 A.3d 1006; *Alden v. Town of Harpswell & Walter Scott Moody,* No. AP-03-076, 2005 Me. Super. LEXIS 159, at *3 (Nov. 22, 2005). The substantial evidence standard requires the court to examine the entire record to determine whether the board could have rationally decided as it did, based on the facts presented to it. *Alden,* 2005 Me. Super. LEXIS 159, at *3; *Ryan v. Town of Camden,* 582 A.2d 861, 863 (Me. 1991). Substantial evidence is evidence that a reasonable mind could accept as sufficient to support the conclusion reached. *Cheney v. Unemployment Ins. Comm'n,* 2016 ME 105, ¶ 6, 144 A.3d 45; *Alden,* 2005 Me. Super. LEXIS 159, at *3. A court is not permitted to substitute its own judgment for that of the board. *Cheney,* 2016 ME 105, ¶ 6, 144 A.3d 45; *Alden,* 2005 Me. Super. LEXIS 159, at *3. The board's decision is not wrong simply because facts in the record are inconsistent or a different conclusion could be drawn from them. *Id.* To succeed on appeal, the burden is on the plaintiff to prove that the evidence compels an

opposite conclusion. *Rossignol v. Me. Pub. Emples. Ret. Sys.*, 2016 ME 115, ¶ 6, 144 A.3d 1175; *Shure v. Town of Rockport & Eleanor Boyd*, No. AP-98-005, 1999 LEXIS 141, at *23 (Me. Super. Ct. May 11, 1999).

III.   Discussion

Plaintiffs ask this court to vacate the replanting order and the violation notice, issued pursuant to the Shoreland Zoning Ordinance, where "the cutting or removal of vegetation [in a Resource Protection District] shall be limited to that which is necessary for uses expressly authorized in [the] district[1]." (Pl.'s Compl. ¶ 21; Pl.'s Br. 7; Shoreland Zoning Ordinance § 15.15.1.) Plaintiffs argue that they had a valid permit when the trees were removed, and that there were no conditions on the permit. (Pl.'s Br. 6, 9; Pl.'s Reply Br. 2-3.) Plaintiffs argue that the BOA did not have sufficient evidence to find that the permit was invalid. (Pl.'s Br. 6, 9; Pl.'s Reply Br. 1-3.)

In upholding the violation notice and replanting order, the BOA explicitly set out in the record ("Rec.") its reasons for denying the appeal. *Cf. Shure*, 1999 LEXIS 141, at *20. The BOA found that the first permit was conditional in June 2016 when Plaintiffs removed the trees, where on its face, it expressly indicated under the section entitled "This Application Requires" that a "Legal Deed Easement [was] Required to Site [their septic] System in [the] Paper Street." (Pl.'s Compl. ¶ 21; D.'s Br. 3; Rec. 8, 42.) On September 25, 1997, The Town had registered a notice[2] extending The Town's right to accept the paper street, putting into question any right, title, and interest in and to the portion of the paper street Plaintiffs may have had pursuant to their April 14, 2016

---

[1] The record does not contain the Shoreland Zoning Ordinance, but Plaintiffs provided the relevant sections. (Pl.'s Br. 7; *See Lauze v. Town of Harpswell*, No. AP-05-079, 2006 Me. Super. LEXIS 177, at *2 n. 2, (Aug. 28, 2006).
[2] Municipalities could extend the deadline for the automatic vacation of proposed, unaccepted ways for 20 years. 23 M.R.S. § 3032(2).

recording under 23 M.R.S. § 3032. (Pl.'s Br. 10; Rec. 1-4, 5-7.) Contrary to Plaintiffs' argument, the reason their recording did not satisfy the permit's condition was not that their alleged property transfer was an operation of law which could not meet the CEO's request for a deed, (Pl.'s Br. 3), but that their recording did not demonstrate their right, title, and interest in the land, (D.'s Br. 6; Rec. 42). As a result, the BOA found that Plaintiffs did not have a valid permit that satisfied the required expressly authorized use under the Shoreland Zoning Ordinance. (Rec. 42.) Plaintiffs did not appeal the stop work order, nor did they submit additional information to prove their ownership of the paper street as requested by the CEO, (Rec. 26), but instead, redesigned their plans and sought another permit, (D.'s Br. 8; Rec. 16-25, 42.)

There are adequate facts of record to support the findings by the Town that there was a violation, and this Court will not substitute its judgment for that of the BOA. *See Tousst v. Town of Harpswell*, 1997 ME 189, ¶ 9, 698 A.2d 1063. Further, it unnecessary for this Court to decide whether the first permit was abandoned, (Pl.'s Br. 8-9), as the violation occurred when Plaintiffs removed vegetation without a permit. (Rec. 42.)

IV.    Conclusion

Based on the foregoing, Plaintiffs' appeal from a decision by the Town of Harpswell Board of Appeals pursuant to Maine Rule of Civil Procedure 80B is denied. The decision of the Town of Harpswell Board of Appeals is affirmed.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: June 7, 2017

Lance E. Walker
Justice, Superior Court