STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-17-09

CHARLES D. CLEMETSON, M.D., )
)
Petitioner, )
)
v. )
)
STATE OF MAINE BOARD OF )
LICENSURE IN MEDICINE and )
STATE OF MAINE, )
)
Respondents. )

ORDER ON PETITIONER'S RULE
80C APPEAL

STATE OF MAINE
Cumberland ss Clerk's Office

NOV 07 2017 2:17PM

RECEIVED

Before the Court is Petitioner's Rule 80C appeal of the decision of the State of Maine Board

of Licensure in Medicine ("the Board") that places certain restrictions on Petitioner's license to

practice medicine for a probationary period of five years pursuant to 32 M.R.S. § 3282-A(2)(P)

and 10 M.R.S. § 8003(5)(A-1). For the reasons discussed below, the Court denies the petition.

I. Background

The genesis of this case is a decision and order of the Board issued on July 11, 2013, in

which the Board imposed conditions on Petitioner's license after finding Petitioner had engaged

in unprofessional conduct. (Pet'r's Compl. Ex. A 14; Resp't's Br. 2.) On March 9, 2016, the Board

issued another decision and order in which it found Petitioner had violated the conditions contained

in the 2013 order. (Pet'r's Compl. Ex. A 5.) As a sanction for those violations, the Board imposed

a censure and a five-year probationary period during which Petitioner was prohibited from

maintaining his own private practice and was ordered to close his practice within 90 days of the

effective date of the order. (*Id.*) Further, Petitioner was limited to practicing in a setting with other

psychiatrists and was required to engage a Board-approved practice monitor. (*Id.*) After the hearing

leading to this order, Petitioner requested a stay of the Board's decision, but he withdrew his

request prior to the Board's deliberation. (*Id.* at 4-5.) In March 2016, Petitioner secured

**Petitioner-Edward MacColl, Esq.
Respondent-Michael Miller, AAG**

employment with Protea Integrated Health and Wellness, and he informed the Board he had engaged a practice monitor. (*Id.* at 5-6.) However, the Board was never able to confirm the practice monitor's willingness to serve, and Protea closed for business before Petitioner was to begin his employment there. (*Id.* at 6, 12.)

On April 20, 2016, Petitioner asked the Board to stay the March 9 decision, and he filed an appeal of the Board's decision in the Superior Court on the same day. (*Id.* at 6.) The Board informed Petitioner that it did not have jurisdiction to act on his request for a stay while his appeal was pending. (*Id.* at 6-7.) On July 6, 2016, Petitioner's appeal was dismissed for failure to comply with the briefing schedule. (*Id.* at 7.) He filed a motion for relief from judgment on July 15, 2016, but he withdrew his motion on August 15, 2016, thus ending his appeal of the March 9 decision and order. (*Id.* at 7, 11; Resp't's Br. 5.)

Although he was reminded by the Board that he was required to close his practice by June 7, 2016, Prescription Monitoring Program Reports indicated he was issuing prescriptions through July 16, 2016. (Pet'r's Compl. Ex. A 7-8.) When the Board requested he confirm his compliance with the terms of his probation on July 1, 2016, Petitioner replied that he planned to "'comply with most components'" of the order, but he did not immediately confirm his compliance at that time. (*Id.*) On July 25, 2016, Petitioner supplemented his response to state that he had closed his practice and given notice to his patients. (*Id.* at 8.) On August 12 and August 17, 2016, Petitioner requested from the Board permission to continue writing prescriptions for his patients. (*Id.* at 10-11.) His request was repeatedly denied. (*Id.*)

The Board ultimately held another hearing to determine if Petitioner had violated the terms of the March 9, 2016 order by continuing to practice after June 7, 2016. In his defense, Petitioner argued that he believed his appeal in the Superior Court stayed the effective date of the Board's

order. (*Id.* at 11.) The Board found this argument incredible, as Petitioner was clearly aware of the need to secure a stay because he had requested one prior to the Board's deliberations; further, he had not actually requested a stay in his appeal to the Superior Court. (*Id.* at 11-12.) At his hearing, Petitioner also testified that he believed the effective date of the order was 90 days after the 30-day expiration date for appeal, which would have been July 9, 2016. (*Id.* at 12.) The Board countered that multiple communications to Petitioner stated he was required to close his practice by June 7, 2016. (*Id.*) Petitioner testified that he last saw patients in his private practice on July 25, 2016, and that he did not write any prescriptions after that date. (*Id.* at 9.)

The Board issued the decision and order currently under review on February 15, 2017. In its decision, the Board noted that Petitioner has been disciplined multiple times in the past, including a finding of unprofessional conduct in 2001, which led to a probationary period that Petitioner violated in 2002, as well as the disciplinary action in 2013, the violation of which eventually led to the current appeal. (*Id.* at 13-14.) The Board found that by continuing his practice after June 7, 2016, Petitioner had not complied with the March 9 order and conditions of probation. (*Id.* at 15.) The sanctions imposed by the decision are as follows:

    a. A warning;
    b. Partial payment of the actual expenses of hearing, in the amount of $1,000 in hourly costs of hearing officer services, due within 90 days of the first date of his employment; and
    c. Conditions of probation, which shall be in effect for five years from the effective date of the Decision and Order, as follows:
        i. The Licensee is prohibited from opening, operating or maintaining his own private medical practice;
        ii. The Licensee is limited to practicing medicine in a setting pre-approved by the Board with at least one other psychiatrist who is licensed to practice medicine in Maine, and who must also be pre-approved by the Board;
        iii. Before commencing the practice of medicine in a setting with another psychiatrist, the Licensee must identify a practice monitor and receive the Board's approval for such monitor. The Licensee must ensure that the practice monitor, once approved

by the Board, provides reports to the Board every three months from the date upon which the Licensee begins practicing in a setting with another psychiatrist. The reports must include information requested from the monitor by the Board staff, including but not limited to a review of patient charts for legibility, clarity, and medical decision making; and

iv. The Licensee must respond to requests for information from any Board staff members who are monitoring the Licensee's compliance with this Decision and Order within the time frame requested by the Board staff.

(*Id.* at 15-16.) Petitioner filed this appeal on March 20, 2017.

II. Standard of Review

When acting in an appellate capacity pursuant to Rule 80C and the Administrative Procedures Act, 5 M.R.S. §§ 11001-11008, the court reviews an agency's decision for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. *Somerset Cnty. v. Dep't of Corr.*, 2016 ME 33, ¶ 14, 133 A.3d 1006. The party seeking to vacate an agency's decision bears the burden of persuasion to demonstrate error. *Rossignol v. Me. Pub. Emps. Ret. Sys.*, 2016 ME 115, ¶ 6, 144 A.3d 1175.

Questions of law are subject to *de novo* review. *York Hosp. v. Dep't of Health & Human Servs.*, 2008 ME 165, ¶ 32, 959 A.2d 67. The Court will not substitute its judgment for that of the agency where there is sufficient relevant evidence that a reasonable mind might accept as adequate to support the resultant conclusion, and the fact-finder could have fairly and reasonably found the facts as they did, even if the record contains inconsistent evidence or evidence contrary to the result reached by the agency. *Cheney v. Me. Unemp't Ins. Comm'n*, 2016 ME 105, ¶ 6, 144 A.3d 45; *Watts v. Bd. of Envtl. Prot.*, 2014 ME 91, ¶ 5, 97 A.3d 115; *Guar. Trust Life Ins. Co. v. Superintendent of Ins.*, 2013 ME 102, ¶ 18, 82 A.3d 121. An agency has the authority to determine the weight to be given to the evidence. *Rossignol*, 2016 ME 115, ¶ 6, 144 A.3d 1175; *see* 5 M.R.S. § 11007(3). The reviewing court will vacate a determination that a party failed to meet its burden

of proof only if the record compels a contrary conclusion to the exclusion of any other inference. *Rossignol*, 2016 ME 115, ¶ 6, 144 A.3d 1175.

III. Discussion

Before proceeding to the merits of this appeal, it is necessary to consider two threshold matters raised by the parties. First, the Court finds that only the Board's decision of February 15, 2017 may be reviewed by this appeal, as review of the March 9, 2016 decision is foreclosed by *res judicata*, and review of the July 11, 2013 decision is foreclosed by the statute of limitations. Second, the standard of review to be applied is the standard outlined in Section II of this order. The Court finds Petitioner's license was not effectively revoked, and therefore he is not entitled to application of a stricter standard of review.

*A. The decision under review*

Although Petitioner's petition only requests direct review of the Board's decision and order of February 15, 2017, both parties have proffered arguments regarding the applicability of *res judicata* to this appeal. While the February 15, 2017 decision and order is subject to review and not foreclosed by *res judicata* based on prior related orders, to the extent Petitioner has collaterally attacked the Board's decisions and orders of July 11, 2013 or March 9, 2016, the Court clarifies that only the decision and order of February 15, 2017 is under review in this appeal. Review of the March 9, 2016 appeal is foreclosed by *res judicata* because Petitioner has already appealed that order, and the appeal was dismissed by the Superior Court on July 6, 2016 after Petitioner failed to comply with the briefing schedule. (Pet'r's Compl. Ex. A 7.) Petitioner filed a motion for relief from the judgment, but he ultimately withdrew that motion. (*Id.* at 7, 11; Resp't's Br. 5.) The Superior Court's dismissal of that matter, as well as the underlying Board decision, may not now

be relitigated. Regarding the 2013 order, the time to file an appeal has passed, and this Court may not now review that order. 5 M.R.S. § 11002(3).

### B. Effective revocation

Petitioner argues that he is entitled to *de novo* review of the Board's decision because his license was effectively revoked by the imposition of the Board's conditions of probation. This argument is without merit.

Only "nonconsensual revocation of an occupational or professional license ... is subject to ... de novo judicial review exclusively in District Court...." 10 M.R.S. § 8003(5). Otherwise, disciplinary actions taken under the authority of 10 M.R.S. § 8003(5) are "subject to judicial review exclusively in the Superior Court in accordance with" 5 M.R.S. § 11007. *Id.* The Board could have chosen to expressly revoke Petitioner's license under 10 M.R.S. § 8003(5)(A-1)(2-A), and such action would have entitled Petitioner to *de novo* review. However, the Board did not impose such a harsh sanction.

Primarily citing federal cases from jurisdictions outside of the First Circuit, Petitioner argues that the conditions placed on his license constitute an effective revocation. These decisions are distinguishable from the instant appeal. For example, in *Stidham v. Peace Officer Standards & Training*, the Court found a licensee's certification was effectively revoked when the licensing agency disseminated false and damaging allegations to the licensee's potential employers without providing the licensee with notice and a hearing or other safeguards of procedural due process. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 114, 1151-53 (10th Cir. 2001). In this case, although Petitioner may need to disclose to potential employers the conditions placed on his license, it is within Petitioner's discretion to decide how to secure employment in compliance with the Board's order, and this Court has no reason to believe any information that would be provided

to Petitioner's potential employers would be false. Furthermore, conditions were placed on Petitioner's license only after he received due process by participating in a hearing before the Board. The only Maine case cited by Petitioner does not address effective revocation, as Petitioner contends, and the reviewing court in that case properly applied the substantial evidence standard of review. *Duckworth v. Commissioner of the Dept. of Health & Human Servs.*, No. AP-05-059, 2006 Me. Super. LEXIS 123, at *5 (June 2, 2006). The imposition of conditions of probation in this case do not amount to an effective revocation. Petitioner is not entitled to *de novo* review.

   C. *Evidence supporting the Board's decision and order*

Proceeding to the merits of this appeal, the Court finds the Board's decision was supported by substantial evidence. *See Somerset Cnty. v. Dep't of Corr.*, 2016 ME 33, ¶ 14, 133 A.3d 1006. The evidence presented at Petitioner's hearing, including Petitioner's own testimony, clearly shows that Petitioner continued to see patients and issue prescriptions after June 7, 2016. Despite some evidence that Petitioner may have believed the effective date of the order was later than June 7, the Board had the authority to determine the weight to be given to the evidence. *Rossignol*, 2016 ME at ¶ 6, 144 A.3d 1175. Even if Petitioner believed the order did not take effect until 90 days after the expiration of the 30-day appeal period, which would have been July 9, by his own admission Petitioner continued to see patients and issue prescriptions until July 25. There is substantial evidence supporting the Board's finding that Petitioner violated the March 9, 2016 decision and order, and this finding will not be disturbed on appeal.

Further, the sanctions the Board imposed were not an abuse of discretion, an error of law, or unsupported by the evidence. *See Somerset Cnty. v. Dep't of Corr.*, 2016 ME 33, ¶ 14, 133 A.3d 1006. Pursuant to 32 M.R.S. § 3282-A(2)(P) and 10 M.R.S. § 8003(5)(A-1)(4), as a sanction for noncompliance with an order of the Board, the Board may restrict a medical license and impose

conditions of probation. These regulations grant the Board broad discretion in imposing conditions, including the discretion to require "mandatory professional or occupational supervision ... and other conditions as the ... board ... deems appropriate." 10 M.R.S. § 8003(5)(A-1)(4). Given Petitioner's history of violations of the Board's regulations and orders, including the series of violations that led to the order currently under review, the Board's sanctions were not an abuse of discretion, an error of law, or unsupported by the evidence.

IV. Conclusion

For the foregoing reasons, this Court DENIES Petitioner's Rule 80C Appeal and AFFIRMS the Board's decision and order of February 15, 2017.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _____11/7/17_____

_____
Lance E. Walker, Justice
Maine Superior Court