STATE OF MAINE                           SUPERIOR COURT
CUMBERLAND, ss.                          CIVIL ACTION
                                         DOCKET NO. AP-18-56

SUSAN L. MCGARVEY,                    )
                                     )
          Petitioner,                )
                                     )
     v.                              )
                                     )
MAINE DEARTMENT OF HEALTH            )
AND HUMAN SERVICES,                  )        ORDER ON PETITIONER'S RULE
                                     )        80C APPEAL
          Respondent                 )
                                     )
     and                             )
                                     )
JOHN C. MCGARVEY,                    )
                                     )
          Party-in-Interest.         )

STATE OF MAINE
Cumberland ss Clerk's Office
JUN 20 2019 1:18pm
RECEIVED

Before the Court is Petitioner Susan McGarvey's Rule 80C appeal of the October 23, 2018 decision of Respondent Maine Department of Health and Human Services ("DHHS") Acting Chief Administrative Hearing Officer that denied Ms. McGarvey an administrative hearing regarding her court-ordered child support.

The record in this case contains only Ms. McGarvey's request for administrative hearing date stamped October 17, 2018 (R. Ex. 1)[1] and the Hearing Officer's decision denying the request for hearing dated October 23, 2018 (R. Ex. 2). In her request for hearing, Ms. McGarvey complains that child support debt she has incurred is "100% invalid" and "has not been legally established...." (R. Ex. 1.) The Hearing Officer's denial letter states: "If you wish to reduce the amount of child support that you were ordered to pay by a court, then you must ask the court issuing the order to amend its order. No

---

[1] In addition to Ms. McGarvey's handwritten request, Exhibit 1 contains a form cover page entitled "Request for Administrative Hearing," upon which DHHS noted its opposition to the hearing request by stating at the bottom of the form: "NO APPEALABLE ISSUES. NCP'S ISSUES ARE WITH THE COURT ORDER, WHICH CANNOT BE ADDRESS [sic] VIA HEARING."

Department of Health & Human Services Hearing Officer has any authority to amend a court order." (R. Ex. 2.)

In her Rule 80C petition filed in this Court on November 27, 2018[2], Ms. McGarvey complains she "is aggrieved by action of the Respondent by imposing and assessing a child support order that has not been legally established and is currently in appeal in the Law Court." (Pet.'s Compl. ¶ 3.)[3] She requests that this Court "reverse the decision of Respondent in regard to owing any child support, stop threatening to lien my Maine State Tax Refunds, driver's license and any other licenses or refunds due Plaintiff and issue a $0 child support order." (Pet.'s Compl. p. 2.)

When acting in an appellate capacity pursuant to Rule 80C and the Administrative Procedures Act, 5 M.R.S. §§ 11001-11008, the Court reviews an agency's decision for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. *Somerset Cnty. v. Dep't of Corr.*, 2016 ME 33, ¶ 14, 133 A.3d 1006. The party seeking to vacate an agency's decision bears the burden of persuasion to demonstrate error. *Rossignol v. Me. Pub. Emps. Ret. Sys.*, 2016 ME 115, ¶ 6, 144 A.3d 1175.

As occurred before DHHS, Ms. McGarvey has not presented an appealable issue to this Court. The operative decision under review merely denies Ms. McGarvey a hearing on a notice of tax offset.[4] It makes no determination as to any of the issues raised

---

[2] Although the Court denies Ms. McGarvey's appeal on the merits, it recognizes there may also be a jurisdictional issue here. Ms. McGarvey's 80C petition was filed 34 days after the date of DHHS's decision. Pursuant to 5 M.R.S. § 11002(3), the petition must be filed "within 30 days after the receipt of notice" of the agency decision if taken by a party to the proceeding. However, because the record does not state the date Ms. McGarvey received notice of the decision, there is no "affirmative basis in the record for the court to conclude it lacks jurisdiction," and therefore the Court will not dismiss the petition on that basis. *Mutty v. Dep't of Corrs.*, 2017 ME 7, ¶ 12, 153 A.3d 775.

[3] The Court takes judicial notice of the Law Court's opinion on the appeal of the underlying child support case, issued after Ms. McGarvey filed her 80C appeal, in which the Law Court affirmed the District Court's denial of Ms. McGarvey's motion to modify the divorce judgment. *McGarvey v. McGarvey*, 2019 ME 40.

[4] The notice of tax offset has not been included in the certified appellate record, but a copy of the notice was attached to Ms. McGarvey's petition.

in the 80C petition, including whether Ms. McGarvey owes child support, whether DHHS will undertake an enforcement action, or the amount of child support Ms. McGarvey should be required to pay. Moreover, Ms. McGarvey's arguments in her Rule 80C brief are aimed almost entirely at the District Court's child support order, with the exception of a single argument made in her "Addendum to 80C Appeal Brief" that DHHS cannot legally attach her tax returns. This latter argument was not raised in her hearing request to DHHS and therefore was not preserved for review by this Court. *Carrier v. Sec'y of State*, 2012 ME 142, ¶ 18, 60 A.3d 1241 ("Issues not raised at the administrative level are deemed unpreserved for appellate review.") (citations omitted). In her reply brief, Ms. McGarvey even concedes: "Petitioner understands that a request for an administrative hearing was denied because ... Petitioner presented no appealable issue(s) for which the Hearing Officer has *authority* to review." (Pet.'s Reply Br. 1; emphasis in original.) In short, Ms. McGarvey has not satisfied her burden to demonstrate error in DHHS's decision.

Based on the record before it, the Court discerns no error of law, abuse of discretion, or findings not supported by substantial evidence in the record. Therefore, the Court DENIES Ms. McGarvey's appeal and AFFIRMS DHHS's October 23, 2018 decision.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 6/20/19

Mary Gay Kennedy, Justice
Superior Court

Petitioner-Pro Se
Respondent-Jennifer Huston, AAG

Entered on the Docket: 06/21/19

MCV