STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss.                          DKT. NO. AP-19-10

REX CALL, JR.,                      )
                                    )
    Petitioner,                     )
                                    )
v.                                  )   **ORDER**
                                    )
MAINE DEPARTMENT OF CORRECTIONS,    )
                                    )
    Respondent.                     )

Petitioner Rex Call filed a petition for judicial review of Respondent Maine Department of

Corrections' (MDOC) denial of his grievance regarding his ultimate termination from working in

the kitchen at Mountain View Correctional Facility. Petitioner contends that he was retaliated

against for originally filing a grievance regarding "medical discrimination" arising from his work

in the kitchen at Mountain View Correctional Facility. This purported retaliation was his

termination from his work position in the kitchen. After a rocky procedural start, the petition is

ready from review.[1] MDOC filed the certified record and both parties have filed their briefs in the

matter.[2] The Court has reviewed all filings and issues the following decision.

---

[1] Petitioner filed a separate claim for damages stemming from a purported due process violation. He did not file a motion to specify the course of future proceedings. *See* M.R. Civ. P. 80C(i) ("A party in a proceeding governed by this rule asserting such an independent basis for relief shall file a motion no later than 10 days after the petition is filed, requesting the court to specify the future course of proceedings."). Therefore, any independent claim for relief is not procedurally proper due to the failure to file a Rule 80C(i) motion. In any event, the basis of his alleged independent ground for relief is duplicative of the grounds underlying his 80C appeal. *See Kane v. Comm'r of the Dep't of Health and Human Servs.*, 2008 ME 185, ¶¶ 30-32, 960 A.2d 1196. The only claim proper for review at this point is his 80C appeal.

[2] On October 9, 2019, Petitioner filed a "Motion to Object," ostensibly contending that the Court somehow made an error by not ruling on the petition within thirty days of the filing of his rebuttal brief. He cited to Rule 76G regarding briefs and oral arguments in the Superior Court. Rule 80C(*l*) contains a similar provision that says, "[u]nless the court otherwise directs, all appeals shall be in order for oral argument 20 days after the date on which the responding party's brief is due or is filed, whichever is earlier." The Law Court has interpreted Rule 80C(*l*) by noting that "[t]he plain language of the Rule gives the court the prerogative to schedule, or not schedule, oral argument on 80C appeals." *Lindemann v. Comm'n on Governmental Ethics & Election Practices*, 2008 ME 187, ¶ 26, 961 A.2d 538. The Court is exercising its

1

## BACKGROUND

The certified record reveals the following facts:[3]

Petitioner is an inmate housed at Mountain View Correctional Facility. On February 14, 2019, Petitioner was placed on medical restriction by the medical unit the facility; he was "seen in medical for extreme dry hands, possible reaction to the dishwashing detergents from the kitchen as he is a kitchen worker." (Cert. R. 4.) Medical concluded that "[h]e should avoid further dish room work, including pots/pans and tray dishwasher until 2/28/19 and he will then be re-evaluated. He is currently under medical treatment for his current skin condition of hands and could possibly be reassigned in the kitchen with other work details." (Cert. R. 4.) That same day, Petitioner submitted a grievance claiming that he was medically discriminated against because he was sent back to his pod after returning to the kitchen from medical. (Cert. R. 3.) Petitioner contended that there were other work details he could do not involving dishwashing. (Cert. R. 3.) The individual with whom Petitioner attempted informal resolution concluded that Petitioner's complaint could not be resolved at that stage because Petitioner "[d]id not choose to follow medical restriction [and] wanted other job after being spoken to several hours earlier about his work and attitude." (Cert. R. 3.) The grievance review officer (GRO) received the grievance on February 15.[4]

---

prerogative to not schedule oral argument on the petition and to instead decide the matter based upon the certified record and the parties' respective briefs.

[3] Petitioner did not file any motion pursuant to Rule 80C(e), thus the Court is limited to reviewing *only* the certified record. *See* 5 M.R.S. § 11006(1); M.R. Civ. P. 80C(d)-(e). It cannot consider factual assertions made by Petitioner in his petition and briefs that do not appear in the certified record.

[4] Also on February 15, Petitioner filed a separate grievance claiming that his position in the kitchen was terminated in retaliation for submitting the original grievance when he sought informal resolution of that original grievance. (Cert. R. 10.) The same GRO who was investigating the February 14 grievance dismissed the February 15 grievance as a duplicate. (Cert. R. 11.) He noted that the February 14 grievance

> was received by myself on 2-15-19 and is currently being investigated. I
> have spoken to you personally and explained the process and pointed out
> the policy is in the Prisoners Handbook. By policy I have 30 days to

On February 27, the GRO submitted his denial of the grievance. He detailed his reasoning as follows:

> As explained to you prior to working in the kitchen, you were expected to complete a satisfactory probation period of 30 days before you would be considered for a kitchen worker position. You did not make your probation period for the following reasons that have already been explained to you. You told a CO/Cook earlier in the day to "Grow a set of balls" and when you returned from medical you argued you did not have to wait the 2 weeks for medical clearance. The requirements for facility jobs are not determined by medical. They only determine if you are medically cleared. Your probation was terminated because you were disrespectful and refused to wait for your medical clearance. You are still eligible for other work in the facility.

(Cert. R. 6.) One day later, Petitioner appealed the level 1 denial of his grievance, stating that the response had nothing to do with the nature of the grievance, that he was never put on work hold, and that he was not terminated from the kitchen position until he presented the grievance to the food service manager. (Cert. R. 7.) Petitioner contended that the foregoing were various policy violations. (Cert. R. 7.)

On March 25, the level 2 response to Petitioner's grievance was concluded. The response noted that there was no policy violation based on the reasons detailed in the GRO's level 1 denial of Petitioner's grievance, and the denial of the grievance was affirmed. (Cert. R. 8.) Petitioner again appealed the denial, this time to the Commissioner. (Cert. R. 9.) In his appeal to the

---

> investigate your grievance. I don't expect it to take that long, but any further grievances concerning this exact matter may be considered abuse of the grievance system.

(Cert. R. 11.) Based on this and the summary from the February 27 denial of the original grievance, it is clear the GRO considered Petitioner's challenge to the purported retaliatory termination as part of an all-encompassing investigation into the original grievance. It is also clear that Petitioner's allegations of the actions being policy violations, including a violation of 03-201 C.M.R. ch. 010, § 29.01(VI)(A)(14) ("No prisoner using the grievance process in good faith shall be subjected to retaliation in the form of an adverse action or a threat of an adverse action for using the grievance process."), were considered and denied on the level 2 response to the grievance. (Cert. R. 7-8.)

3

Commissioner, Petitioner again contended that the response to the first grievance had nothing to do with the grievance. (Cert. R. 9.) He also, for the first time, contended that there was a conflict of interest between the GRO and the kitchen.[5] (Cert. R. 9.) Petitioner noted his concern that he would have never lost the position in the kitchen if he had not gone to medical in the first place. (Cert. R. 9.) Commissioner Randall Liberty submitted his review of the grievance on April 10; he denied the appeal, concluding that the "[r]esponses at the lower level[s] [were] correct." (Cert. R. 1.) Petitioner filed his 80C petition on April 29.

## LEGAL STANDARD

This Court's review "is deferential and limited." *Wolfram v. Town of N. Haven*, 2017 ME 114, ¶ 7, 163 A.3d 835. It can afford relief only if it determines there was abuse of discretion, errors of law, or findings not supported by the evidence. *Somerset Cnty. v. Dep't of Corr.*, 2016 ME 33, ¶ 14, 133 A.3d 1006. Petitioner bears the burden of persuasion to demonstrate an error of this nature. *Richard v. Sec'y of State*, 2018 ME 122, ¶ 21, 192 A.3d 611. The Court will not substitute its judgment for that of the agency where there is sufficient relevant evidence that a reasonable mind might accept as adequate to support the resultant conclusion, and the fact-finder could have fairly and reasonably found the facts as it did, even if the record contains inconsistent evidence or evidence contrary to the result reached by the agency. *Rossignol v. Me. Pub. Emps. Ret. Sys.*, 2016 ME 115, ¶ 6, 144 A.3d 1175. An agency has the authority to determine the weight to be given to the evidence. *Id.*; *see also* 5 M.R.S. § 11007(3).

---

[5] "The prisoner shall not raise an argument on appeal that was not raised in the original grievance or the response to the original grievance." 03-201 C.M.R. ch. 010, § 29.01(VI)(D)(2); *see also Teele v. West-Harper*, 2017 ME 196, ¶ 11 n.4, 170 A.3d 803 ("[A] party waives an issue on appeal by failing to raise it in the [original proceeding], even where the issue relates to a constitutional protection."). Petitioner's argument in his brief that there was a conflict of interest was waived because Petitioner did not include it in the original grievance. Even if it were not waived, nothing in the record demonstrates there was a conflict of interest that affected the handling of Petitioner's grievance by MDOC.

4

## DISCUSSION

Petitioner contends that he lost his job in the kitchen due to an act of retaliation when he submitted a grievance for informal resolution to the food service manager regarding "medical discrimination" against him after medical placed him on medical restriction. The only issue Petitioner presses on this petition that he properly raised before MDOC is with regard to the alleged retaliation. During the grievance process, MDOC found no retaliation, and instead concluded that Petitioner had been properly removed from his probationary work period in the kitchen because he was "disrespectful [for telling a CO/Cook to "grow a set of balls"] and refused to wait for [his] medical clearance." As the record stands, the Court does not discern any infirmity with this conclusion.

Petitioner had gone to the medical unit "for extreme dry hands, possible reaction to the dishwashing detergents from the kitchen as he is a kitchen worker." (Cert. R. 4.) Medical concluded that "[h]e should avoid further dish room work, including pots/pans and tray dishwasher until 2/28/19 and he will then be re-evaluated. He is currently under medical treatment for his current skin condition of hands and *could* possibly be reassigned in the kitchen with other work details." (Cert. R. 4 (emphasis added).) He was placed on medical restriction until February 28, 2019. (Cert. R. 4.) Though he *could* have been reassigned in the kitchen to another position, the record makes it apparent that he *was not* reassigned, and the inevitable inference is that the corrections officers were instead going to wait for his two-week reevaluation at the conclusion of his medical restriction. (Cert. R. 3-4, 6.) Despite being on medical restriction and not being reassigned at that point, Petitioner went back and argued with a corrections officer that he did not need to wait two weeks to keep working. (Cert. R. 6.) This was after earlier that day having told a CO/Cook to "grow a set of balls," and "being spoken to . . . about his work and attitude." (Cert.

5

R. 3, 6.) Accordingly, his probationary period in the kitchen position was terminated for those reasons. (Cert. R. 6.) Nothing in the record demonstrates that he was retaliated against. Because nothing in the record demonstrates he was retaliated against for filing the grievance in the first place, Officer Morin's determination that there was no policy violation cannot be said to have been an erroneous one. For these reasons, the Court concludes that MDOC's findings were supported by evidence in the record, and MDOC did not commit any error of law or abuse of discretion.

The entry is:

1.   Respondent MDOC's denial of Petitioner's grievance in log number 2019-MVCF-10 is **AFFIRMED**, and the petition is **DENIED**.
2.   The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: _____10/24/19_____

_____
Hon. William R. Anderson
Justice, Maine Superior Court

ORDER/JUDGMENT ENTERED IN THE
COURT DOCKET ON: _10/25/19_

6