1998 ME 171

## Norman RICHARDSON

v.

## BOARD OF TRUSTEES OF THE MAINE STATE RETIREMENT SYSTEM.

Supreme Judicial Court of Maine.

Argued June 9, 1998.

Decided July 10, 1998.

Susan P. Herman (orally), Rosemary Foster, Clifford, Stone & Herman, Lewiston, for plaintiff.

Andrew Ketterer, Attorney General, William H. Laubenstein, III (orally), Stanley W. Piecuch, Asst. Attys. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, RUDMAN, DANA, and SAUFLEY, JJ.

WATHEN, Chief Justice.

[¶ 1] Plaintiff Norman Richardson appeals from the judgment of the Superior Court (Androscoggin County, *Perkins, A.R.J.*) affirming the decision of the Board of Trustees of the Maine State Retirement System (the Board) denying his claim for disability retirement benefits. On appeal, Richardson contends that the Board erroneously interpreted and applied 5 M.R.S.A. § 18524(2) (Supp.1997). Finding no error, we affirm the judgment.

[¶ 2] The facts underlying Richardson's claim for disability benefits can be summarized as follows: Richardson worked for the City of Lewiston from 1980 until 1995. Because he withdrew from the Maine State Retirement System (MSRS) in 1982 and rejoined it in 1993, the parties agree that he has fewer than five years of continuous creditable service. In 1992, while employed as a "Highway Worker II," Richardson suffered a back injury that resulted in a nine month leave from work. He returned to work in 1993 and was placed on permanent light duty. He was restricted from lifting anything over 20 pounds and from any repetitive or prolonged twisting or bending. He was still on restricted duty in April 1995 when he participated in Lewiston's "Clean–Up Week"—a time when highway workers pick up items of trash that would not be picked up as part of the routine collection process.

[¶ 3] Conflicting testimony was offered at the Board hearing. Richardson testified that he told his foreman that he was unable to work on the clean-up crew due to his work restrictions, but that the foreman told him to "try it." The foreman testified that he assigned Richardson the task of driving a truck during the spring clean-up and, as he was aware of Richardson's medical restrictions, he never asked him to work beyond those restrictions. In any event, Richardson participated in the clean-up, bending down repeatedly to pick up trash. After two days, he left the job due to an increase in back and neck pain as well as numbness in his knees and legs. Although Richardson returned to

work briefly, he soon filed for disability retirement benefits. His application was denied by both the MSRS and the Board. The Board decision was affirmed by the Superior Court and Richardson now appeals.

[¶ 4] When, as here, the Superior Court acts as an intermediate appellate court, we review the decision of the Board directly for errors of law, abuse of discretion or findings of fact unsupported by competent and substantial evidence in the record. *Carr v. Board of Trustees of Maine State Retirement Sys.*, 643 A.2d 372, 374 (Me.1994). Here, as the party seeking to overturn the agency decision, Richardson is required to demonstrate that no competent evidence supports the Board's decision and that the record compels a contrary result. *Bischoff v. Board of Trustees*, 661 A.2d 167, 170 (Me. 1995).

[¶ 5] Employees with five years of continuous creditable service in the MSRS qualify for disability benefits if they are "disabled while in service." 5 M.R.S.A. § 18524(1) (Supp.1997).[1] Disability benefits for employees with less than five years of continuous creditable service, however, are limited as follows:

> A member with fewer than 5 years of continuous creditable service immediately preceding that member's application for a disability retirement benefit is not eligible for that benefit if the disability is the result of a physical or mental condition which existed before the member's membership in the retirement system, unless the disability is a result of, or has been substantially aggravated by, an *injury or accident received in the line of duty* but *from events or circumstances not usually*

> *encountered within the scope of the member's employment.*

5 M.R.S.A. § 18524(2) (Supp.1997) (emphasis added).

[¶ 6] The Board first concluded that: the loading of trash onto a truck is an activity which is normally within the scope of Mr. Richardson's employment, and if he aggravated a pre-existing condition doing so, that aggravation therefore cannot generally be considered to have occurred because of events or circumstances not usually encountered in his job.

In effect, the Board ignored the particular work restrictions that applied to Richardson and compared his activities to highway workers in general. In this regard, the Board erred. The scope of the member's employment requires an individualized determination. Alternatively, however, the Board ruled that, even if the scope of Richardson's employment was limited by his work restrictions, he failed to prove that he was ordered to engage in activity not usually encountered within the scope of that employment. Implicit in the Board's ruling is the factual conclusion that an employee's voluntary deviation from work restrictions is not an unusual event or circumstance. The Board did not err as a matter of law in applying the statute.

The entry is:

Judgment affirmed.

---

1. The statute provides in relevant part:
    1. **Qualification.** Except as provided in subsection 2, a member qualifies for a disability retirement benefit if disabled while in service. . . .
   5 M.R.S.A. § 18524(1) (Supp.1997).