STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. AP-05-019

                                      *
GAIL DERICE,                          *
                                      *
                  Appellant           *
        v.                            *           **ORDER**
                                      *
MAINE STATE RETIREMENT                *
SYSTEM,                               *
                                      *
                  Appellee            *
                                      *

This case comes before the Court on Petitioner Gail Derice's appeal from a

final decision of the Board of Trustees of the Maine State Retirement System

denying her an award of disability benefits pursuant to M.R. Civ. P. 80C.

## FACTUAL BACKGROUND

The Board of Trustees of the Maine State Retirement System found the

following facts. In February 1998, Petitioner began receiving disability

retirement benefits as a result of post-traumatic stress disorder (PTSD),

depression, and panic disorder with agoraphobia.[1] Her condition was caused by

a physical attack by a student in Windam, Maine, where she was working as an

art teacher. In 2003, Petitioner started her own incorporated business as a

medical aesthetician performing clinical skin care. She sought retraining for this

occupation while she was receiving disability benefits. Although Petitioner has

two full-time employees, a massage therapist, and a receptionist, her 2003 tax

records indicate that her business operated at a loss of over $35,000.

---

[1] Agoraphobia is an anxiety disorder whereby one has a fear of public places.

Doctor Carlyle Voss, a psychiatrist, has evaluated Petitioner on three occasions, in 1998, 2002, and 2004. In 2002, Doctor Voss concluded that Petitioner did not meet the diagnostic criteria for a psychiatric disorder. In 2004, Doctor Voss stated in his report that Petitioner had "essentially recovered" from the effects of the traumatic episode that occurred while she was teaching and that she was able to function with minimal limitation. At the hearing before the Board, Petitioner's treating psychotherapist, Doctor Linda Doyle, testified that she agreed with Doctor Voss's 2004 report, however she did not think that Petitioner had made a full recovery. Doctor Doyle further testified that although self-employment is a good fit for Petitioner at this time, it is not the only way Petitioner could succeed professionally. According to Petitioner's own testimony, she can work for any doctor in the Portland area as a medical aesthetician. The Board ultimately concluded that while Petitioner still has symptoms of her disorders, they do not render her "disabled" and unable to perform all the functions of a full-time job as an aesthetician.

## DISCUSSION

Petitioner contends that she remains disabled because she is unable to return to teaching. Petitioner further contends that because her business is operating at a loss, she is not able to engage in substantially gainful activity and should still receive disability benefits. When the Superior Court acts as an intermediate appellate court it reviews the decision of the Board directly for "errors of law, abuse of discretion or findings of fact unsupported by competent and substantial evidence in the record." *Richarson v. Board of Trustees of the Maine State Retirement System*, 1998 ME 171, ¶ 4, 714 A.2d 154, 156. As the party seeking to overturn the agency decision, Petitioner must demonstrate that "no competent

2

evidence supports the Board's decision and that the record compels a contrary result." *Id.*

Pursuant to 5 M.R.S.A. § 17929(B)(4), "if it is determined, on the basis of the examinations or tests . . . that the disability of a person no longer exists, the payment of the disability retirement benefit ceases." The following conditions render a person is mentally or physically disabled:

A.  The incapacity is expected to be permanent;

B.  That it is impossible to perform the duties of the member's employment position;

C.  After the incapacity has continued for 2 years, the incapacity must render the member *unable to engage in any substantially gainful activity*[2] for which the member is qualified by training, education or experience; and

D.  The incapacity may be revealed by examinations or tests conducted in accordance with section 17926.

5 M.R.S.A. § 17921 (emphasis added).

Petitioner's belief that the determination of whether she is disabled depends on whether she can return to her teaching position is misguided. Pursuant to the statute, if Petitioner is able to engage in *any* substantially gainful activity for which she is qualified by training, she is no longer disabled.

In this case, the record is replete of competent and substantial evidence supporting the Board's decision. Although Petitioner has not made a full recovery, Doctor Voss and Doctor Doyle agree that she no longer suffers from the debilitating conditions she exhibited in 1998. Furthermore, Petitioner has taken the initiative to become trained as a medical aesthetician. She started her

---

[2] Substantial gainful activity means the ability to perform work resulting in annual earnings that exceeded 80% of her average final compensation as adjusted for inflation, which amount is $29,848.86. Rules of the Maine State Retirement System, Chapter 507(1)(A)(2).

own business and hires and supervises employees. According to Doctor Doyle, however, self-employment is not the only professional path for Petitioner. Rather, she has the opportunity to work as a medical esthetician for any doctor in Portland, which would amount to a substantially gainful activity for which she is qualified. Based on the foregoing evidence, the Board had substantial evidence to conclude that Petitioner is no longer disabled and that her benefits should cease.

The decision of the Board of Trustees of the Maine Retirement System is AFFIRMED.

DATE: _October 19, 2005_

_____
Justice, Superior Court

< OF COURTS
ɔerland County
.O. Box 287
Maine 04112-0287

JAMES BOWIE AAG
6 STATE HOUSE STATION
AUGUSTA ME 04333

< OF COURTS
ɔerland County
O. Box 287
Maine 04112-0287

MARTIN RIDGE ESQ
PO BOX 7044
PORTLAND ME 04112