STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss                                      CIVIL ACTION
                                                  DOCKET NO. AP-19-49

JOSHUA GRAY,

                    Petitioner                    **ORDER ON PETITIONER'S**
                                                  **80C APPEAL**
v.

STATE OF MAINE, DEPARTMENT
OF PUBLIC SAFETY,

                    Respondent


Before the Court is Petitioner Joshua Gray's 80C petition for review of the Department of

Public Safety's (the "Department's") denial of his application for a Professional Investigator's

License. For the following reasons, the petition is denied.


## Background

Joshua Gray is licensed as a professional investigator in Tennessee, Vermont,

Massachusetts and New Hampshire. On January 26, 2018, Mr. Gray applied for a professional

investigator's license in Maine. On August 31, 2018, the Chief of the Maine State Police (the

"Chief") denied Mr. Gray's Application. On October 11, 2018, Mr. Gray filed an 80C petition for

review of the denial of his application. On July 18, 2019, this court remanded Mr. Gray's

application to the Department for the purposes of allowing the Commissioner to determine whether

certain allegedly false statements that Mr. Gray published on social media were published with

"actual malice." *Gray v State of Maine, Dep't of Public Safety*, KENSC-AP-18-65, (Me. Super.

Ct., Kennebec Cty., July 17, 2019) After conducting a further investigation, the Chief issued a

written decision on October 2, 2019 in which he determined that Mr. Gray had made certain false

1

statements with actual malice and that these statements demonstrated that Mr. Gray was not fit to obtain a professional investigator license. This appeal followed.

## Standard of Review

The Court reviews an administrative agency's decision for an abuse of discretion, error of law, or findings not supported by the evidence. *Uliano v. Bd. of Envtl. Prot.*, 2009 ME 89, ¶ 12, 977 A.2d 400 (citation omitted). Questions of law are subject to de novo review. *Id* (citing *York Hosp. v. Dep't of Health & Human Servs.*, 2008 ME 165, ¶ 32, 959 A.2d 67). The reviewing court will affirm findings of fact if they are supported by "substantial evidence in the record", even if the record contains inconsistent evidence or evidence contrary to the result reached by the agency. *Passadumkeag Mountain Friends v. Bd. of Environmental Prot.*, 2014 ME 116, ¶¶ 12, 14, 102 A.3d 1181. The party seeking to overturn an administrative decision must "demonstrate that no competent evidence supports the [agency's] decision and that the record compels a contrary result." *Richardson v. Bd. of Trs. of the Me. State Ret. Sys.*, 1998 ME 171, ¶ 4, 714 A.2d 154.

## Discussion

In order to obtain a professional investigator license, an applicant must demonstrate that he possesses good moral character. 32 M.R.S. § 8105(4). Further, the Chief may refuse to issue a license if the applicant has:

> A. Engaged in conduct that evidences a lack of ability or fitness to discharge the duty owed by the licensee to a client or the general public; or

> B. Engaged in conduct that evidences a lack of knowledge or an inability to apply principles or skills to carry out the practice for which the person is licensed.

2

*Id.* § 8113(6).

In this case, the record contains competent evidence to support a finding that Mr. Gray engaged in conduct evidencing a lack of fitness to discharge duties owed to the general public as well as the inability to apply principles necessary to act as a professional investigator. For instance, there is record evidence that Mr. Gray published statements on social media that a Lieutenant in the Maine State Police was "most likely drunk" when the Lieutenant was involved in an incident which resulted in the death of two individuals. (R. 157-58, 162.) There is also evidence that Mr. Gray made these statements based solely on the fact that the Lieutenant was off-duty at the time of the incident and that the incident occurred close to the Lieutenant's home. (R. 383.) Further, there is evidence that Mr. Gray has a lengthy history of engaging in online diatribes against the same Lieutenant. (*See e.g.* R. 125, 130, 133, 198-200, 206, 239-41, 245-47; *see also* R. 377.) Finally, Mr. Gray admits that his statements were speculative and that he never had any facts about the Lieutenant's alcohol consumption. (Pet'r's Br. at 6.)

Given that the context of this case is a professional licensing matter, this evidence supports a finding that Mr. Gray's publication of statements to which a defamatory meaning could be attributed, *see Haworth v. Feigon*, 623 A.2d 150, 156-57 (Me. 1993) (holding that it was not error for the factfinder to attribute a defamatory meaning to the appellation "drunk"), based on nothing more than speculation constitutes reckless disregard for the truth which is sufficient to deny his application for a professional investigator license. *See* 32 M.R.S. §§ 8105(4), 8113(6).

3

The entry is

The Decision of the Chief of the Maine State Police to Deny
Joshua Gray's Application for a State of Maine Professional
Investigator License is AFFIRMED

Date: 5/22/2022

Justice, Superior Court