STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-19-09

PRESCOTT MCCURDY,

        Petitioner,

v.

SECRETARY OF STATE, BUREAU
OF MOTOR VEHICLES,

        Respondent,

and

ATLANTIC COAST TOWING, INC.,

        Party-in-Interest.

**ORDER ON PETITIONER'S
80C APPEAL**

Before the Court is Petitioner Prescott McCurdy's Rule 80C petition for review of the Secretary of State, Bureau of Motor Vehicles' (the "BMV's") order transferring title to a 1985 Toyota Landcruiser, VIN #JT3FJ60G2F1130702 from Mr. McCurdy to Atlantic Coast Towing, Inc. For the following reasons, the Court affirms the decision of the BMV.

**Facts**

On September 30, 2018, Mr. McCurdy was driving in Brunswick, Maine when he was pulled over by the Brunswick Police Department. (R. Ex. 5 at 10, 21; Ex. 10.) Following the stop, Mr. McCurdy was charged with three misdemeanor crimes for obscuring motor vehicle plate marks; failure to register vehicle; and violating conditions of release. (R. Ex. 10.) Atlantic Coast Towing, Inc. towed Mr. McCurdy's vehicle at the direction of the Brunswick Police Department. (R. Ex. 5 at 10, 21; Ex. 10.)

1

Following the incident, the Brunswick Police Department sent Mr. McCurdy a letter stating that he could retrieve the car from Atlantic Coast Towing if he paid the towing fees and registered the car. (R. Ex. 5 at 12.) Mr. McCurdy retrieved his personal belongings from Atlantic Coast Towing but did not retrieve the vehicle. (R. Ex. 5 at 13.) On October 9, 2018, Atlantic Coast Towing filed an application for certificate of salvage and notice of abandoned vehicle with the Secretary of State, Bureau of Motor Vehicles. (R. Ex. 6 at 14-15.) On October 26, the Bureau of Motor Vehicles mailed Mr. McCurdy and Atlantic Coast Towing a notice that Atlantic Coast Towing had made a claim of ownership of Mr. McCurdy's vehicle. (R. Ex. 6 at 8-9, 25.) The Notice informed Mr. McCurdy that he could reclaim his vehicle by paying the towing fee of $150 and the $30 per day storage fees. (R. Ex. 6 at 25.) The Notice further stated that the storage fees had accrued to $780 and would be increasing daily. (R. Ex. 6 at 25.)

Upon receipt of the BMV's notice, Mr. McCurdy informed both the BMV and Atlantic Coast Towing that Atlantic Coast Towing would "receive the moneys due." (R. Ex. 6 at 8-9.) On November 8, 2018, Mr. McCurdy was again contacted by the BMV and told that Atlantic Coast Towing was continuing with its title application. (R. Ex. 6 at 12, 13.) Mr. McCurdy then sent the BMV a letter stating that he did not consent to a transfer of ownership of the vehicle. (R. Ex. 6 at 12.) The BMV interpreted this letter as a request for a hearing. (R. Ex. 6 at 2-3.)

On January 8, 2019, a hearing was held concerning Atlantic Coast Towing's application for title to the Landcruiser. (R. Ex. 5.) Mr. McCurdy and Brittany Verrill from Atlantic Coast Towing both testified and presented evidence at the hearing. (R. Ex. 5.) Following the hearing, the BMV issued a decision stating that title to the Landcruiser would pass to Atlantic Coast

2

Towing unless Mr. McCurdy paid Atlantic Coast towing $730[1] by February 22, 2019. (R. Ex. 3.) Mr. McCurdy has now appealed the BMV's decision pursuant to Rule 80C.

## Standard of Review

The Court reviews an administrative agency's decision for an abuse of discretion, error of law, or findings not supported by the evidence. *Uliano v. Bd. of Envtl. Prot.*, 2009 ME 89, ¶ 12, 977 A.2d 400 (citation omitted). The Court will not vacate an agency's decision unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or an error of law; or is unsupported by the evidence in the record. *Kroeger v. Dep't of Envtl. Prot.*, 2005 ME 50, ¶ 7, 870 A.2d 566. Questions of law are subject to de novo review. *Id* (citing *York Hosp. v. Dep't of Health & Human Servs.*, 2008 ME 165, ¶ 32, 959 A.2d 67). The reviewing court will affirm findings of fact if they are supported by "substantial evidence in the record." *Passadumkeag Mountain Friends v. Bd. of Environmental Prot.*, 2014 ME 116, ¶¶ 12, 14, 102 A.3d 1181. The party seeking to overturn an administrative decision must "demonstrate that no competent evidence supports the [agency's] decision and that the record compels a contrary result." *Richardson v. Bd. of Trs. of the Me. State Ret. Sys.*, 1998 ME 171, ¶ 4, 714 A.2d 154.

## Discussion

Pursuant to Title 29-A of the Maine Revised Statutes, "the owner of the premises or property where [an abandoned] vehicle is located may obtain a letter of ownership or certificate

---

[1] This was significantly less than the $3,150.00 that Brittany Verrill testified Mr. McCurdy owed Atlantic Coast Towing for towing and storage fees. (R. Ex. 5 at 25.) Atlantic Coast Towing charged $150 for towing and $30 per day in storage fees. (R. Ex. 5 at 23-24; Ex. 6 at 15.)

of title by complying with" the statutes governing abandoned vehicles. 29-A M.R.S. § 1853.

Under Maine law, "a vehicle is considered 'abandoned' if the owner or lienholder does not

retrieve it and pay all reasonable charges for towing, storing and authorized repair of the vehicle

within 14 days after the notices to the owner and lienholder are sent by the Secretary of State or

14 days after the advertisement is published as required in section 1854, subsection 4." 29-A

M.R.S. § 1852. The Secretary of State "may issue certificates of title or letters of ownership" so

long as the Secretary is "satisfied that notice has been made to all parties with an interest in the

vehicle." 29-A M.R.S. § 1856(2). "If the owner or lienholder of the vehicle retrieves it and pays

the towing, storage and repair charges before the Secretary of State issues a letter of ownership

or certificate of title, the person holding the vehicle must immediately release it to the person

paying the charges and must immediately notify the Secretary of State of the release." *Id.*

In this case, the record contains evidence that Atlantic Coast towing provided the

Secretary of State with the notice required by 29-A M.R.S. § 1854. (R. Ex. 6 at 14-15.) The

record also contains evidence that Mr. McCurdy received notice from the Secretary of State and

that the notice complied with 29-A M.R.S. § 1854(3). (Ex. 6 at 8-9, 25.) Finally, there is

evidence that Mr. McCurdy never paid Atlantic Coast Towing the towing and storage charges for

the vehicle.[2] (R. Ex. 5 at 14, 21.) Consequently, the BMV's decision to issue a certificate of title

to Atlantic Coast Towing is supported by substantial evidence.

Aside from his claim that his vehicle is not abandoned, Mr. McCurdy also raises

numerous arguments that he has been denied due process; that his property has been taken

without just compensation; that the BMV has committed fraud; that the conversion of his

property is an unconstitutional deprivation of his right to contract or abstain from contract; that

---

[2] Mr. McCurdy does not claim that he has paid the towing or storage fees.

4

he has been forced into involuntary servitude in violation of the Thirteenth Amendment of the United States Constitution; that the BMV's adjudication of the title to the Landcruiser is an unconstitutional delegation in violation of the separation of powers; that BMV has violated his rights under both Article I, section 6-A of the Maine Constitution and the 14th Amendment of the United States Constitution; and that the State is failing to abide by its contractual obligations. The Court does not discern any merit in these arguments as raised by Mr. McCurdy.

**The entry is**

**The Decision of the Secretary of State, Bureau of Motor Vehicles is AFFIRMED.**

**The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P. 79(a).**

Date: 6 | 2 | 2020

_____
**Justice, Superior Court**

5